## BLACKBURN vs. MINTER.

1. When the court overrules plaintiff's objections to testimony offered by defendant, and charges adversely to his right to recover, he may except to the rulings of the court, and take a non-suit under the statute.

2. In trespass *vi et armis* for injuries to the person, the defendant may introduce

the record of a prosecution for felony pending against him, and show by parol proof that the indictment and the civil action are founded on the same transaction.

ERROR to the Circuit Court of Jefferson.

Tried before the Hon. GEO. D. SHORTRIDGE.

This was an action of *trespass vi et armis*, by Blackburn against Minter.

The record in the case shows, that the parties went to trial upon issue joined. The plaintiff introduced evidence conducing to make out his case, and rested.

The defendant then introduced the record of an indictment, to show that he had been indicted, and that the prosecution was still pending against him, for an assault and battery, with an intent to commit murder, on the person of the plaintiff; and also parol evidence, to show that this indictment was for the same beating and trespass for which the plaintiff had brought this action. The plaintiff objected to the introduction of this record, and also to the parol proof in aid of the indictment, going to show that the transaction was the same; but his objections were overruled by the court, and he excepted.

The court charged the jury:

That, if they believed the trespass complained of in plaintiff's declaration was the same for which the indictment was now pending and undisposed of, they must find for the defendant. To this charge plaintiff excepted.

The plaintiff asked the court to charge the jury:

That if the defendant was on his trial for an assault and battery, with intent to murder, and from the testimony adduced they could not convict the defendant of that offence, then they might find for the plaintiff. This the court refused, and plaintiff excepted; and the plaintiff then took a non-suit.

The judgment below is a judgment of non-suit simply.

The matter of exception contained in the bill of exceptions, is assigned for error. A motion is also made to dismiss the writ of error.

MOSS & CLANTON, and W. S. EARNEST, for plaintiff in error:

1. The indictment offered in evidence should have been

excluded. It was "*res inter alios.*" It proved, and could prove, nothing but the fact that there was such an indictment. 1 Greenleaf 537, 538; 6 Comyn 385.

2. To constitute an assault and battery felonious, it must be with intent to commit a felony. Clay's Dig. 416, § 30. No such offence is disclosed by the pleadings or evidence of the plaintiff. "Cutting, wounding, and stabbing," is not a felony, either at common law or by statute. The plaintiff's declaration and evidence made a case in which, if death had ensued, it would have been only manslaughter at most, and therefore could not be an assault with intent to murder.

3. It not appearing by the plaintiff's declaration or evidence, that the cause of action was involved in a felony, the defendant cannot set up his felony in defence. Comyn, Trespass D. 385. All the cases in which the defendant has been permitted to set up this defence, by plea or evidence, on his own part, are cases in which he was not the original wrong doer. Comyn, *supra;* 1 Modern R. 283.

4 In the charge given the court assumed a felony proved; or in other words, that the indictment (pending) was a bar to the suit of plaintiff. But Comyn, above cited, expressly says: "If the defendant pleads a conviction of the felony, it is no bar; for the plaintiff was not a party, and therefore not estopped by the record." Comyn, *supra.*

E. W. PECK, *contra:*

The writ of error ought to be dismissed, because it was not necessary for the plaintiff to enter a non-suit.

Here, the court did not exclude any of the plaintiff's evidence; it was all admitted. Nor did the court rule that his evidence did not sustain his cause of action; but that the evidence offered by the defendant, if true, made out a good defence to the action. This being so, the necessity contemplated by the act of the 4th of February, 1846, did not arise. See Pamphlet Acts 1845–'46, 35. It is a case in which the defendant was entitled to a verdict and judgment; and, if the evidence of the defendant was improperly admitted, or, if when admitted, it did not make out a good defence, the plaintiff should have made his objections in the usual way, and then sought his remedy by writ of error. If the act is held

to embrace a case like the present, it will give to plaintiffs an undue advantage in the trial of causes, and to a great extent destroy the rights secured to defendants, by the act which declares two non-suits equivalent to a verdict.   Clay's Dig. 340, § 150.   "Every person desirous of suffering a non-suit on trial, shall be barred therefrom, unless he do so before the jury retire from the bar; and no more than two new trials shall be granted in the same cause: and two non-suits shall be considered equal to a verdict against the party suffering the same."

This shows that the non-suit contemplated by the act of 1846, is one which the plaintiff is compelled to take, because, either the evidence offered to sustain his action is excluded from the jury, or when admitted, the court holds it insufficient.

The plaintiff's remedy for his private injury, was merged in the felony, until after the wrong doer was prosecuted for the felony.   McGrew v. Cato, Minor Rep. 8; Morgan v. Rhodes, 1 Stewart 70; Gemson v. Woodfull, 2 C. & Payne 41, reported in 12 vol. Eng. Com. Law Rep. 20.

PHELAN, J.—The construction heretofore put upon the statute allowing a plaintiff to take a non-suit, and have any question of law that may be ruled against him reviewed in that way, (Acts of 1845–'46, p. 35,) is adverse to the limited view of its operation urged upon us by defendant in error, in support of his motion to dismiss.   We prefer to follow the construction and practice hitherto adopted, and therefore refuse the motion to dismiss the writ of error.   See Shields v. Byrd, 15 Ala. 818; Tate v. McCrary, 21 ib. 499; Duncan v. Hargrove, 22 ib.

The right of the defendant below to show, in defence of the action, that a prosecution for a felony was pending against him, resting on the same set of facts upon which the plaintiff's action for damages is based, is well settled by previous decisions of this court, and for that doctrine we merely refer to those decisions.   McGrew v. Cato, Minor 8; Morgan v. Rhodes, 1 Stew. 70; Middleton v. Holmes, 3 Por. 424.

The right to introduce the record of the pending prosecution for felony, and to show by parol proof that the indictment and the civil action are both founded on the same trans-

action, results, as a necessary consequence, from the doctrine so established.

The charge given by the court was, accordingly, correct; and that requested by the plaintiff was properly refused, for the reason, that the defence relied on depended, not upon the fact whether a felony had or had not actually been committed by the defendant, but whether a prosecution for a felony, growing out of the same transaction, was pending and undetermined at the time the civil action was begun.

There is no error in the record, and the judgment below is affirmed.