# Beck *v.* West & Co.

## Action for Breach of Special Contract of Employment.

1. *Rulings on pleadings, shown only by bill of exceptions*, are not revisable on error or appeal; as, the filing of an amendment to the complaint, and the sustaining of a demurrer to it.

2. *Remedy for breach of contract of employment.*—When a person is employed to perform work and services for another, involving the expenditure of time and money, actually performs part of the service, and is discharged without cause, he may, as a general rule, maintain an action on the implied promise of the employer to pay him for the work done and money expended; but, while the common counts would probably be sufficient, a recovery can not be had under a special count which does not state the necessary facts.

3. *Contract of employment as travelling salesman; damages for breach.* Defendants, who were tobacco merchants, having employed plaintiff as a travelling salesman, agreeing to supply him with samples, to allow him as compensation one-half of the profits on sale effected by him, and to advance to him, by paying his drafts, $50 at the end of every two weeks, to be repaid out of his share of the profits, while he was to pay his own expenses and furnish his own outfit; and having refused to pay his drafts, and discharged him without cause before the expiration of the agreed term of service; *held*, under a complaint alleging these breaches, that the measure of his damages was his share of the profits on sales, and nothing more.

APPEAL from the Circuit Court of Escambia.

Tried by the Hon. JOHN P. HUBBARD.

This action was brought by Wilson Beck, against J. W. West & Co., tobacco merchants doing business in Lynchburg, Virginia, to recover damages for the breach of a special contract, by which defendants employed plaintiff as a travelling salesman, from the 1st October, 1887, to the 1st January, 1888; and was commenced on the 2d January, 1888. The contract between the parties was negotiated by letters, which were read in evidence on the trial, and which are set out in the former report of the case (87 Ala. 213), where the averments of the

complaint are also stated. On the second trial, after the reversal on the former appeal, the judgment-entry only recites that the cause was tried on issue joined, and that the plaintiff had verdict and judgment for $54.34; but the bill of exceptions contains these statements: "Plaintiff was permitted to amend his complaint, so as to claim $150 for expenses of travelling, for board, and for horse-feed; also, $150 dollars for use of horse and buggy, and profits made; also, $150 for damages for his own time lost and expended. Defendants demurred to each assignment of damages claimed in the complaint, except those claiming commissions or profits actually earned on sales made, and profits or commissions that might have been made on prospective sales, which demurrers the court sustained, and plaintiff excepted; so that the cause was tried on two items, or assignment of damages, namely: profits or commissions on sales already made, and profits or commissions on sales which might have been made after the alleged breach, and the general assignment of damages, and for loss of credit and reputation by reason of failure to pay plaintiff's drafts, and for failing to pay them."

"Plaintiff offered to prove that, in order to fit himself for work under the contract, he bought a horse and buggy, and what he paid for them, and what they were worth when defendants ·stopped him from work;" also, "what his time was worth, from October 8th, to November 22d, 1887, the day he reached home when stopped by defendants;" also, "what his time was worth, from October 8th, 1887, to the next 1st January;" also, "what he paid out for his own board, and the board of his horse, and for repairs of buggy, and other necessary expenses of travel;" also, "what was his outlay on account of the horse and buggy purchased to fit himself up for business under the contract, over and above what he realized from the sale after defendants ordered him to quit travelling for them." The court sustained objections to each part of this evidence, and the plaintiff duly excepted. The defendants' evidence showed that they had made sales, on orders sent by plaintiff, amounting to $530, on which his commissions amounted to $41.55; and that they had offered to pay him that sum.

The plaintiff asked several charges in writing, asserting his right to damages on account of the items as to which he had offered evidence which, as above stated, the court had excluded; and he excepted to the refusal of these charges. The court charged the jury, on request of the defendants, (1) "that if they believe the evidence, plaintiff can not recover for prospective sales or commissions thereon;" (2) "that if they believe the evidence, plaintiff can recover only for the profits on

sales made by him under the contract;" to each of which charges the plaintiff excepted.

The rulings on the pleadings and evidence, the charges given, and the refusal of the charges asked, are assigned as error.

JAS. M. DAVISON, for appellant, cited *Fowler v. Armour*, 24 Ala. 198; *Bell & Reynolds v. Lee*, 78 Ala. 514; 101 U. S. Rep. 338; *Hadley v. Baxendale*, 9 Exch. 341; 5 Car. & P. 58; 12 Gray, 260; 5 Amer. & En. Encyc. Law, 27, n. 2; Add. Contracts, §§ 881, 897; 2 Smith's L. C. 53.

STONE, C. J.—This is the second appeal in this case. *Beck v. West*, 87 Ala. 213. On the return of the case to the Circuit Court, the plaintiff obtained leave to amend his complaint, and filed an amendment, which is set out only in the bill of exceptions. To that amended complaint, however, the bill of exceptions states a demurrer was sustained. The demurrer, and the court's ruling upon it, are not otherwise shown. Under all our decisions, we are forbidden to consider this ruling.—3 Brick. Dig. 405, § 18; *Powell v. State*, 89 Ala. 172; 1 Brick. Dig. 78, § 7. The case must, therefore, be decided on the pleadings as they appeared on the former appeal.

Testimony was introduced showing that, by the terms of the contract, Beck, the plaintiff, was to serve West & Co., defendants, as drummer, or travelling salesman, from some date in October, 1887, until January 1, 1888, and that his compensation was to be one half the profits realized on the sales he might make; he, Beck, to pay his own expenses. It was also proved that, in November, West & Co. discharged Beck from service; and there was no testimony that Beck, though not very successful, was derelict in his efforts to serve his principals. The reason alleged for the discharge was, want of proper success in effecting sales. On the second trial, plaintiff offered to prove the time he had lost, and the travelling expenses he had incurred in attempting to make sales. This testimony was ruled out, on objection of defendants, and plaintiff excepted. We suppose this testimony was offered on the theory, that the defendants having broken their contract, without fault on the part of the plaintiff, the latter was thereby released from further contractual obligation, and was remitted to his common-law right to sue for work and labor done, and for money paid and expended, at the instance and request of defendants.

We are not prepared to deny that, if one be employed to do services and work for another, which involve the expenditure of time and money, and actually performs a part of the

[Beck v. West & Co.]

service, and is then discharged without cause, he may maintain an action on the implied promise of the hirer to pay him for the work done and money expended in the service. Such is the general rule. This rule, however, would not include the money expended in purchasing the horse and buggy. They were procured, not in part performance of the contract, but as a means or facility for enabling the employè to comply with his engagement, with greater comfort to himself. It was neither an express nor implied stipulation of the agreement.

To invoke the principle last stated, the complaint must be adapted to the relief claimed. Common counts for work and labor done, and money paid and expended at the request of defendants, would probably meet legal requirements in this case, as effectually as a special count setting out the necessary facts. We need not declare this absolutely. The complaint in the present suit is a single, special count, and it is in no sense adapted to the kind of relief last considered. The breaches assigned are, that defendants failed to advance money as a loan to plaintiff, to enable him to defray travelling expenses; failed to pay him commissions on sales made by him, and wrongfully discharged plaintiff from the service without furnishing him expense-money. The damages claimed are for injury to plaintiff's credit, money expended in the purchase of a horse and buggy, and loss of commissions he would have earned and made, if permitted to continue in the service. He recovered his commissions on all the sales made, and nothing else.

We feel constrained to hold that plaintiff recovered all he was entitled to recover under his complaint. Proof offered by him of the cost of the horse and buggy, and of repairs on the latter, was rightly ruled out, on any form of complaint the facts authorized to be framed. And testimony of the value of his time and services, and of the amount of his travelling expenses, was not within any issue he had tendered, and was rightly excluded. The Circuit Court did not err in the matter of rejecting testimony offered.

Under the rules declared above, the Circuit Court did not err in the two charges given. Nor was there error in the several refusals to charges as asked; for each of them is either faulty in one or more particulars, or seeks to raise a question outside of the scope of the pleadings.

Affirmed.