# Powell v. Henry & Co.

### Statutory Detinue for Mule, Wagon, and Cows.

1. *What is revisable on appeal; matters of record, shown only by bill of exceptions.*—The plaintiff's joinder of issue on the defendant's pleas, a motion to strike a demurrer from the file, and the ruling on such motion can only be shown by the record in the primary court; and a ruling on a motion to strike from the file a demurrer to a plea, on the ground that issue had been joined and not withdrawn, is not revisable on error or appeal, where such motion, the fact of the joinder of issue, and the ruling on the motion are shown only by the bill of exceptions.

5. *Pleading over, after demurrer sustained; error without injury.* Where the record shows that, after demurrer sustained to a plea, the defendant had the full benefit under an amended plea of all the evidence that could have been offered under the original plea, the ruling on the demurrer, if erroneous, could have worked no injury, and is not a reversible error.

3. *Refreshing memory of witness by memorandum.*—Where the *prima facie* correctness of an account against the defendant has been shown by the testimony of a witness to the effect that he had personal knowledge of several of the items of the account as shown on the plaintiff's books, that he had gone over the account with the defendant and shown him the total thereof, and that the latter had made no objection to its correctness, said witness may refresh his memory as to the amount so shown and so due by referring to a paper which had been drawn off from the book before the trial, upon looking at which the witness is able to recall the amount, and testify to it as a fact within his memory; and it is not necessary that the book itself be produced to render the testimony competent.

4. *Declaration of party in his own interest; res gestæ.*—Where the defendant delivered several bales of cotton to the plaintiff to be applied to the payment of a debt, and contended that two of the bales were "prize cotton" for which the plaintiff agreed to allow him more than the amount of the credit actually entered therefor, a declaration made to a third person by the defendant, while hauling the bales for delivery to the plaintiff, that they were his "prize cotton," was not a part of the *res gestæ*, nor admissible as evidence for the defendant.

5. *Agency; extent of agent's authority.*—Where the authority conferred upon an agent is merely to accept certain property covered by a mortgage in payment *pro tanto* of the mortgage debt, he can not bind

the principal by an agreement to extend the time of payment of the mortgage.

6. *Variance between pleading and proof.*—A plea setting up that at the time the suit was instituted pl intiff had no right to sue, can not be supported by proof that, after action brought, plaintiff lost his right to sue, which was undoubted when he exercised it.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Sam. Henry and James F. Henry, suing as partners comprising the firm of Sam. Henry & Co., against William Powell, to recover one mule, a wagon, several cows, etc., particularly described in the complaint; and was commenced on the 31st January, 1887. The defendant pleaded, (1) the general issue, (2) that he does not owe the debt sued on, (3) payment, and (4) a special plea which is described in the opinion. The defendant withdrew the first, second, and third pleas. The plaintiffs demurred to the fourth plea. This demurrer was sustained. The defendant then, by leave of the court, amended his fourth plea, to said plea as amended the plaitiffs demurred, and the demurrer was sustained. The defendant then, by leave of the court, further amended his said fourth plea, the plaintiffs again demurred, and their demurrer was overruled. The judgment entry then recites: "Thereupon, issue was joined on said fourth plea, and, by agreement of the parties, the jury were to consider the plea of payment in connection with said fourth plea, and ascertain the amount of the mortgage debt, and also consider the plea of the general issue." The bill of exceptions recites: "Plaintiffs moved to strike from the file defendant's fourth plea filed March 2, 1887, upon the ground that it was matter in abatement, and therefore improperly pleaded in bar; but the court overruled the plaintiffs' motion, and put them to their demurrers. Thereupon, plaintiffs demurred to defendant's pleas, assigning several grounds of demurrer. Defendant moved to strike these demurrers from the file, upon the ground that, two trials of this cause having been had upon these pleas, the demurrers come too late. It was made to appear satisfactorily to the court that there had been two trials of this cause upon issue joined upon these pleas, though it was not recited in either of the prior judgment entries that issue was joined on said pleas. The court overruled defendant's motion, and defendant excepted."

On the trial, the plaintiffs introduced a note and mortgage executed to them by the defendant, the mortgage covering the property sued for. The defendant testified that he de-

livered five bales of cotton to the plaintiffs for which he was to be allowed credit at prices which were agreed on when the cotton was delivered, and that the plaintiffs agreed to allow him ten cents per pound on two of the bales, which defendant had raised on one acre, and upon which he had taken a prize. The testimony for the plaintiffs tended to prove that the agreement in reference to these two bales of cotton was that the defendant was to be allowed seven cents per pound for them; and he was allowed seven cents per pound in the credit entered upon the account for this cotton. Lewis Powell, a witness for the defendant, testified: "I remember that he [defendant] and I went to Gadsden about December 20, 1886, with two bales of cotton that defendant told me was his prize cotton." The plaintiffs moved to exclude the statement as to what the defendant told said witness, the court sustained the motion, and the defendant excepted. The other rulings upon the evidence are sufficiently shown in the opinion. At the request of the plaintiffs, the court gave the following charge in writing: "If the jury believe the evidence in this case, they will find for the plaintiffs, and assess the value of each item of property seized by the sheriff under the writ in this case, and will also ascertain by their verdict the amount due on the mortgage debt." To the giving of this charge the defendant duly excepted. From a judgment for the plaintiffs the defendant appeals.

BROWN & STREET, for the appellant.

WINSTON & BILBRO, *contra*.

McCLELAN, J.—1. The *record* of this cause in the court below, as the same is copied and certified in the transcript before us, does not show that issue was ever joined on defendant's pleas prior to the interposition of the demurrers to said pleas which were filed on the 4th of March, 1891. The joinder of issue is a fact which must appear of record in the primary court, and will not be at all considered here if brought to our attention only in a bill of exceptions which, though a part of the record of the cause in this court for the purposes of appeal, is no part of the record in the court below. Similarly, a motion to strike from the file a demurrer is itself a part of the pleadings in the cause, constitutes a part of the record proper of the primary court, and must be brought here as a part of the transcript of that record, and not as a mere statement of the presiding judge embodied in a bill of exceptions. No such motion appears from the

[Powell v. Henry & Co.]

record of the Circuit Court as certified in this transcript. For these reasons,—that we are not advised, in the only way in which the fact could be brought to our knowledge, that issue had ever been joined on defendant's pleas before they were demurred to, or that any motion was made to strike the demurrers from the file on the ground that issue had been joined and not withdrawn,—we are not called upon to review the action of the trial court in denying that motion. Indeed, this alleged ruling itself could only be shown by the record, which it is not, and could not be revised if made to appear here, as the fact is, only by the bill of exceptions. *Beck v. West & Co.,* 91 Ala. 312; *Powell v. State,* 89 Ala. 172; *Pendry v. Shows,* 87 Ala. 339; *Chandler v. Chandler, Ib.* 300; *Efurd v. Loeb & Bro.,* 82 Ala. 429; 1 Brick. Dig. p. 78, § 7; 3 Brick. Dig. p. 405, § 18.

2. The whole purpose and scope of defendant's fourth plea in its original form, and as twice amended, manifestly was to present the issue whether, for a valuable consideration, the maturity of plaintiff's claim had not by agreement been extended beyond the date at which this suit was instituted to enforce it, and the plea in each of its successive forms sought an abatement of the action on the ground that it had been prematurely brought. All the evidence which could have been offered under the plea as originally filed or as first amended, was equally admissible, and in fact adduced, under the form which was given it by the last amendment. Not only so, but any advantage to which defendant was entitled on the facts proved was equally available to him under the issue finally made up by joinder on this plea as amended the second time. It is clear, therefore, that no injury resulted to him from the action of the trial court in sustaining demurrers to the original and first amended fourth plea; and, whether that action were abstractly sound or not, it can not be made the basis of a reversal of the judgment. If error, it was without injury.—*Owing v. Binford,* 80 Ala. 421; *Rake v. Pope,* 7 Ala. 161; *Goggin v. Smith,* 35 Ala. 683; *Mitcham v. Moore,* 73 Ala. 542; *Oliver v. Ala. Gold Life Ins. Co.,* 82 Ala. 417; *Phœnix Ins. Co. v. Copeland,* 86 Ala. 551; *Manning v. Maroney,* 87 Ala. 563; *Phœnix Ins. Co. v. Copeland,* 90 Ala. 386; *L. & N. Railroad Co. v. Davis,* 91 Ala. 487; *Bolling & Son v. McKenzie,* 89 Ala. 470; *Capital City Water Co. v. Nat. Meter Co.,* 89 Ala. 401; *Calhoun v. Hannon & Michael,* 87 Ala. 277.

3. The amount of defendant's indebtedness on the mortgage under which plaintiffs claimed title to the property sued for was necessary to be proved to enable the jury to return

[Powell v. Henry & Co.]

a finding in respect thereto, as required by section 2720 of the Code. This indebtedness was also put in issue by the plea of payment, which, had it been established, would have prevented a recovery by plaintiffs. James Henry, a member of the plaintiff partnership, testified as to the gross amount of indebtedness, and as to payments which had been made on it. As to the former, his testimony was that the items constituting plaintiffs' claim were charged up on the books of the firm, and that he had personal knowledge of several of the items of said account, but not all of them, that he had personally called over the account with Powell, the defendant, and showed him the total thereof, and no objection to its correctness was made by Powell; and that he, witness, knew "the amount of Powell's account from having his memory refreshed by an examination of the books of the firm, and from having called over the account to Powell, and showing him the amount, and his not denying its correctness." This evidence was sufficient, we do not doubt, to establish the *prima facie* correctness of the statement of Powell's account as it appeared on plaintiffs' books. At the trial, this witness had no independent recollection of the footing or total of the debits against the defendant as shown by said account as stated in the books. The books were not produced, either as evidence or for the purpose of refreshing witness' memory. He, however, had a paper in his hand while testifying "which he had drawn off from the books of the firm a few days before." This paper, we infer from further statements in regard to it, contained a statement of the footing or total of the account. Having referred to this paper for the purpose of refreshing his recollection, he then testified independently of it that his recollection was that "Powell owed at the commencement of this suit about $415, with the interest for one year," after allowing him credit for certain cotton, but not for a mule, which plaintiffs had gotten from defendant. The book account having been shown in the manner stated to be *prima facie* correct in such sort that the witness might prove the amount of it by simply stating what it footed up on the book, it was, we think, entirely competent for him to refresh his recollection as to the amount so shown and so due by referring to a paper which had been drawn off from the books a few days before the trial, and which paper indicated what then appeared on the book in such a way as that the witness, on looking at it, recalled the amount, and testified to it as a fact within his memory. In other words, this paper was a mere memorandum of a fact which enabled the witness to recall the fact

[Powell v. Henry & Co.]

itself as perceived by him when the memorandum was made.
As to the credits on defendant's account, we understand the
witness to say that they were correctly entered by himself
on the day-book of the firm.   There can be no question of
the propriety of allowing him to refresh his memory by a
reference to the entries on said book, nor of admitting his
testimony as to the facts shown by them, though, but for
having refreshed his recollection at or before the trial by
reading the entries, he could not have remembered them.
It was not necessary in either case for the books themselves
to be produced to make the testimony competent.   Both as
to the debits and credits in the dealings inquired about, the
familiar case was presented of refreshing the recollection of
a witness by reference to some memorial of a fact which ena-
bles him to recall, independently of the memorial, and not
because the fact is so stated therein, the fact itself.   The
following authorities are in line with these views, and sus-
tain the rulings of the trial court in denying defendant's
motions to exclude this testimony of the witness Henry:
1 Greenl. Ev. § 457; *Bondurant v. Bank of Alabama*, 7 Ala.
830; *Calloway v. Varner*, 77 Ala. 541; *Acklen's Ex'r v. Hick-
man*, 63 Ala. 494; *Jaques v. Horton*, 76 Ala. 238; *Billingslea
v. State*, 85 Ala. 325; *Hawes v. State*, 97 Ala. 37, 67–8.   See
*Battles v. Tallman. ante*, p. 403.

Declarations of a party offered in his own interest, which
are sought to be adduced as *res gestæ*, must characterize a
material act; they must tend to thro   light upon or give
color to something being done, the doing of which is a rel-
evant fact in the case.   The declaration offered here, to the
effect that certain two bales of cotton was "prize cotton,"
was clearly not of that class.—1 Greenl. Ev., § 108 n. 1. *a.*

There was no controversy as to the validity of the mort-
gage, or as to the fact that it had not been paid in full, or as
to the fact that it covered the property sued for, or as to
the fact that the law-day thereof had passed before the in-
stitution of this suit.   The only questions raised on the trial
bearing upon the amount still due on the debt secured by
the mortgage have been considered and ruled adversely to
the appellant.   The only other issue in the cause was that
presented by defendant's fourth plea, as finally amended,
namely, whether plaintiffs had, upon valuable consideration,
extended the time of payment of the debt, and postponed
the law-day of the mortgage to a time subsequent to the
bringing of this suit.   Conceding that some evidence was
adduced tending to show that one Acker had agreed to such
extension in a way and upon a consideration which would

27–96

have bound him thereto had he been the mortgagee, and
that the general charge which was given on this part of the
case would not have been proper had he been the plaintiff
here, it by no means follows that the court erred in that
action respecting the rights of Sam Henry & Co., and not
the rights of Acker.   It is uncontroverted that Acker was
the mere special agent of the plaintiffs; that as such, in this
instance, he was authorized to buy two mules from the de-
fendant for the plaintiffs, which were to be paid for by a
credit on the mortgage which covered the mules; and that
this was the whole extent of his authority.   It is too clear to
admit of discussion that authority to buy or take certain
property under mortgage, the price of which is to be paid
by crediting the mortgage debt, is not, and can not be con-
torted into, authority to enter into stipulations as to other
property embraced in the mortgage, or as to the maturity
of the mortgage debt, involving an extension of the time of
payment and postponement of the law day.   The essence of
the agent's authority was to collect the value of the mules
on the mortgage claim in a particular way, *i. e.*, by taking
the mules in satisfaction *pro tanto* of the debt, and the case
is well within the familiar doctrine that a power to collect
a mortgage does not authorize an extension of the time of
payment.—*Ritch v. Smith*, 87 N. Y. 627 ; *Hutchins v. Munger*,
41 N. Y. 155.   And this is but an application of the general
principle, that power to collect involves no authority in any
case to extend the time of payment—*Gerrish v. Maher*, 70
Ill., 490;   *Chappel et al. v. Raymond & Co.*, 20 La. An., 277.
Of course, if Acker had contracted for an extension of the
debt and postponement of the law day of the mortgage on
a valuable consideration, even without authority, his act
might have been ratified by Henry & Co. so as to become
their act and be binding on them ; and, as a general propo-
sition, ratification would relate back to the time of the
agent's unauthorized agreement.   But the only ratification
attempted to be shown here was subsequent to the institu-
tion of this suit, while the gist of the plea presenting the
defense of premature action is that *at the time* the suit was
instituted plaintiffs had no right to sue.   Such plea could
not be supported by proof that, after action brought, plain-
tiffs had lost their right to sue, which was undoubted when
they exercised it.   There being, therefore, no evidence tend-
ing to show Acker's authority to contract for an extension,
or plaintiffs' ratification of such contract prior to suit
brought, and plaintiffs' right to recover, conceding no valid
agreement for an extension had been made, being clear, the

[Gipson v. Knard.]

court properly gave the general affirmative charge in their favor, leaving it to the jury to ascertain the *amount* of the mortgage indebtedness from the evidence.

Many charges were asked by the defendant and refused. They were addressed to the inquiry raised by the fourth plea—whether the action had been prematurely instituted. As plaintiffs were entitled to the general charge on this point, and it was properly given at their request, we need not consider the instructions asked by defendant. Whatever their merits or demerits, abstractly considered, no injury resulted to the appellant from their refusal. *Stephens v. Regenstein*, 89 Ala. 561; *Moody v. Walker*, 89 Ala. 619; *Tuskaloosa Cotton Seed Oil Co. v. Perry*, 85 Ala. 158; *Pritchett v. Pollock & Co.*, 82 Ala. 169.

The assignments of error which are directed against the failure of the court to assess and adjudge damages for the detention of the property by defendant before suit, and by plaintiffs after suit, are so patently without merit that we deem it unnecessary to discuss them.

The judgment of the Circuit Court is affirmed.

Affirmed.