# Hayes, *et al. v.* Hayes.

### Assault and Battery.

(Decided April 3, 1917.  74 South. 737.)

1. **Assault and Battery; Instructions.**—Where the action was by the wife against the husband for an assault arising in a struggle for the possession of their child, a charge that if the jury believe the evidence they must find for defendant, was properly refused, since though the father had rightfully taken the child in the first instance, he could not use excessive force in retaining it, and as there was evidence on that point the question was one for the jury.

2. **Charge of Court; Covered by Those Given.**—It is not error to refuse charges substantially covered by charges given.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Maggie Hayes against J. Berry Hayes and others, for damages for assault and battery. Judgment for plaintiff and defendant appeals. Affirmed.

STREET, ISBELL & BRADFORD, for appellant. JOHN A. LUSK & SON, and A. E. HAWKINS, for appellee.

SAMFORD, J.—The appellee (plaintiff below) brings her suit to recover damages for an alleged assault and battery upon her person. The following are the facts necessary to a decision: The appellee and Jno. Arthur Hayes were husband and wife, and were living apart. Jno. Arthur was the father, and the appellee was the mother, of a child about seven years old. On the day of the alleged assault, the father came near the house where the appellee was then living, and called the child to come to him, which it did without protest, either from the child or its mother. When the child reached its father, he took it in his arms and began to run. The mother then ran after them, and undertook to repossess herself of the child, which she was prevented from doing by the other defendants, evidently acting in concert, in such manner as to make the act of one the act of all. There is a slight conflict in the testimony as to just how much force was used by the defendants. The defendants asked three charges in writing, which the court refused, and which refusal is now assigned as error, as follows:

"(1) The court charges the jury that if they believe the evidence in this case, they must find for the defendants.

"(2) The court charges the jury that the law recognizes the primary right of the father to the custody of the child, even as against the mother, unless it is shown that the father is an unfit or unsuitable person to have custody of his own child.

"(3) The court charges the jury that if the father of the child picked it up peaceably in front of the mother's home, without the employment of any more force than was involved in raising the child into his arms, he thereby became lawfully in possession of the child, and the fact that he understood the mother might attempt to retake the child would not make the father's act in picking up the child wrongful, and would give the mother no right to attempt to re-take the child by force."

(1) The court did not err in refusing to give charge No. 1. Even if the father had the right to take the child in the first instance, he would not have the right to use excessive force in retaining it, and there was evidence to go to the jury on this point, and the court did not err in submitting it.

(2) Charges 2 and 3 assert correct propositions of law, but are covered by given charges A, B, and C.

We find no error in the record, and the judgment of the lower court is affirmed.

Affirmed.