(100 South. 333)

## HARRIS v. HARRIS. (8 Div. 646.)

(Supreme Court of Alabama. May 1, 1924.)

**1. Appeal and error ⬤⟺713(3)—Pleadings, rulings, and charges given and refused should be incorporated in record proper, not bill of exceptions.**

Under Code 1907, § 5364, as amended by Gen. Acts 1915, p. 815, and Supreme Court rule 26, complaint, demurrers thereto, pleas, replication and demurrers thereto, court rulings, oral charge, written charges, given by request or refused, should be incorporated in the record proper, and not in bill of exceptions.

**2. Appeal and error ⬤⟺655(2)—Appellee's motion to strike matters improperly incorporated in bill of exceptions refused.**

Appellee's motion to strike matters improperly inserted in the bill of exceptions, but harming appellee only by increasing cost of appeal if she failed, should be refused, since on proper application, such cost would probably be taxed to appellant.

**3. Exceptions, bill of ⬤⟺23—Bill of exceptions held to sufficiently identify motion for new trial.**

Statement in bill of exceptions, "Said motion is as follows: [the clerk will set out the motion appearing on the motion docket]"—referring to motion for new trial attached at or near above statement, identical to the motion appearing in the transcript in proper form, sufficiently identified it.

**4. Assault and battery ⬤⟺24(1)—Complaint held to state cause of action.**

Complaint alleging that defendant "did wrongfully and unlawfully beat and cruelly treat, bruise, wound, and injure plaintiff," more than complies with Code 1907, p. 1198, form No. 18, which is sufficient under section 5382; conjunctive use of "cruelly treat" with "beat, bruise," etc., not rendering the entire count demurrable.

**5. Appeal and error ⬤⟺194(1)—Plea not challenged, demurred to, nor joined issue on not reviewable.**

A plea which plaintiff neither challenges for sufficiency, demurs to, nor joins issue on, though replied to, is not reviewable.

**6. Assault and battery ⬤⟺24(2)—Replication held sufficient as against demurrer.**

In wife's suit against husband, after voluntary separation for assault and battery in recapturing a child, plaintiff's replication alleging that she was the mother, that the child was female, less than three years old, and in plaintiff's peaceful possession, *held* sufficient as against demurrer.

**7. Evidence ⬤⟺121(14)—Remarks of child during struggle for its possession between separated spouses held admissible as res gestæ.**

In suit by wife, after voluntary separation, against husband for assault and battery in recapturing child from her, remarks of the child during the struggle, "Hold me mamma! * * * He hurt my sore head; he is going off with me," and of defendant's daughter, "Turn that baby loose. Papa said he would kill it before he left home"—were admissible as res gestæ, being directly connected with the main transaction.

**8. Assault and battery ⬤⟺31—Answer of defendant, "I knew I had not hurt her," held admissible as within probable knowledge.**

The complaint having alleged that defendant did beat, bruise, etc., and defendant having answered a cross-question whether he had hurt plaintiff, "I went on; I knew I had not hurt her," the court improperly allowed the words "I knew I had not hurt her" to be stricken and refused to allow defendant's counsel to question for the facts being within defendant's probable knowledge.

**9. Trial ⬤⟺121(2)—Argument that plaintiff was persecuting her husband with legal actions held justified.**

In wife's suit against husband for assault and battery after separation, evidence showing other suits and a prosecution for same offense *held* to justify defendant's argument that wife was persecuting defendant with legal actions, and court's interruption, on its own motion, was prejudicial.

**10. Parent and child ⬤⟺2(4)—After voluntary separation, equity may give custody of children to either.**

Under Code 1907, § 4503, on voluntary separation, equity court may permit either spouse to have custody and control of children.

**11. Husband and wife ⬤⟺205(2)—After voluntary separation, wife may sue husband for forceful taking of child from manual possession.**

If a father, after voluntary separation, takes a child in rudeness and anger, by force, from the actual manual possession of the mother, whether spouses are living together or apart, the mother may sue for damages from injuries proximately resulting.

Appeal from Circuit Court, Marshall County; Leon McCord, Judge.

Action for damages for assault and battery by Mollie Harris against John Luther Harris. Judgment for plaintiff and defendant appeals. Transferred from Court of Appeals

---

⬤⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

under Acts 1911, p. 449, § 6. Reversed and remanded.

These grounds of demurrer were interposed to plaintiff's replication to defendant's plea 2:

It is immaterial that plaintiff was the mother of the child.

The averment of plaintiff's peaceable possession of the child is a conclusion.

In this case the age of the child is not material.

The sex of the child is not material.

The fact that plaintiff was the mother of the child did not justify her in going to defendant's home and taking it without his knowledge or consent.

That such fact did not justify her in resisting defendant's efforts to regain it.

Street & Bradford, of Guntersville, for appellant.

Under the circumstances of the case, the father was entitled to the custody of the child, and was justified in retaking it from the mother, who had obtained it by strategy. Her possession of the child was not peaceable. 29 Cyc. 1588–1600; Ex parte Boaz, 31 Ala. 425; 30 Cyc. 1226; 2 C. J. 286; Keiser v. Smith, 71 Ala. 481, 46 Am. Rep. 342; Street v. Sinclair. 71 Ala. 110; Burns v. Campbell, 71 Ala. 287; Goldsmith v. State, 86 Ala. 55, 5 South. 480. Demurrer to the replication should have been sustained. Thorn v. Kemp, 98 Ala. 417, 13 South. 749. It was legitimate argument to the jury that plaintiff was persecuting defendant in the courts. Pruitt v. State, 92 Ala. 41, 9 South. 406; Blackburn v. Minter, 22 Ala. 613; Middleton v. Holmes, 3 Port. (Ala.) 424; Hobbs v. State, 74 Ala. 39; Wolffe v. Minnis, 74 Ala. 386; L. & N. v. Perkins, 165 Ala. 471, 51 South. 870, 21 Ann. Cas. 1073.

John A. Lusk, of Guntersville, for appellee.

The husband has no right to inflict punishment on the wife. Hayes v. Hayes, 15 Ala. App. 621, 74 South. 737; Johnson v. Johnson, 201 Ala. 41, 77 South. 335, 6 A. L. R. 1031. The authorities cited by appellant as to rulings on pleadings and evidence are inapt. Pleadings and given and refused charges should appear only once in the record. Acts 1915, p. 815; 5 Mayfield's Dig. 101. Blanks for insertion of documents in the bill of exceptions must so designate the documents that an officer cannot mistake the paper referred to. Fuller v. Fair, 206 Ala. 654, 91 South. 591; Jones v. First Nat. Bank, 206 Ala. 203, 89 South. 437; 2 Mayfield's Dig. 493.

MILLER, J. The appellee, Mollie Harris, brings this suit against John Luther Harris, her husband, for damages for an assault and battery committed by him on her wrongfully and unlawfully. There was judgment for the plaintiff on verdict in her favor by the jury, and this appeal is prosecuted therefrom by the defendant.

[1, 2] The complaint, demurrers to it, pleas, replication and demurrers to it, and the several rulings of the court thereon, oral charge of the court, written charges given by the court at the request of each party, and written charges refused to the appellant, appear twice in the transcript, once in the record proper and again in the bill of exceptions. The appellee files motion to strike them from the bill of exceptions. These matters should be incorporated in the record proper, and not in the bill of exceptions. Section 5364, as amended Gen. Acts 1915, p. 815; Beck v. West, 91 Ala. 312, 9 South. 199; Powell v. Henry, 96 Ala. 412, 11 South. 311; Rule 26 of Supreme Court. Neither this rule nor the act prohibits their incorporation in the bill of exceptions. The appellee is not injured by it, except, if she fails in this appeal, this would increase the cost thereof in making the record, and probably on proper application the appellant should be taxed with this part at least of the court cost. This part of the motion to strike them from the bill of exceptions is refused.

[3] The appellee also files motion to strike from the bill of exceptions the motion for a new trial because it was not sufficiently identified and designated in the bill of exceptions as the matter to be incorporated in the blank place. The bill of exceptions states:

"There was judgment of the court in favor of plaintiff for $250, a judgment of the court thereon, and to set aside which and to grant a new trial the following motion in writing was made by defendant, submitted to the court, was overruled by the court, and defendant duly excepted."

The bill of exceptions then states:

"Said motion is as follows: [The clerk will set out the motion appearing on the motion docket.]"

There is attached to the original bill of exceptions, which is before us, at or near this place therein, a copy of this motion for new trial, the ruling of the court thereon, and it is the same as the motion appearing in the transcript. From this copy of the motion in the bill of exceptions and from the description of the motion therein, we must hold the motion for new trial was sufficiently identified, so the clerk could readily decide what document [motion] was intended to be inserted in the blank place unaided by memory. The motion to strike it from the bill of exceptions is refused. Fuller v. Fair, 206 Ala. 654, 91 South. 591.

[4] The complaint alleges that defendant "did wrongfully and unlawfully beat and cruelly treat, bruise, wound, and injure the plaintiff." It more than complies with form No. 18, p. 1198 of the Code of 1907, which is sufficient under the statute. Section 5382,

Code 1907. The words therein "cruelly treat," alleged conjunctively with the words "beat, bruise, wound, and injure," did not render the entire count demurrable. The count states a cause of action, and the court did not err in overruling the demurrers of defendant to it. Form 18, p. 1198, Code 1907; Irby v. Wilde, 150 Ala. 402, 43 South. 574.

[5, 6] The defendant pleaded general issue and special plea 2, which alleged that plaintiff, without the knowledge or consent of defendant, wrongfully took from the defendant the possession of his infant child, was fleeing from defendant's home with the child, and the defendant immediately after learning of it pursued and overtook her while still in flight, and did then and there retake the child from plaintiff, and in doing so employed no more force than was reasonably necessary to regain possession of the child, and that he used such force in a reasonable manner.

The sufficiency of this plea [No. 2] was not challenged by the plaintiff by demurrer. She did not even join issue on it, so we cannot discuss it. She replied to it, and for replication says:

"That she was the mother of the child mentioned therein, which was an infant girl child of less than three years of age, and the plaintiff was then and there in peaceable possession of said child."

Demurrers of defendant to this replication to plea 2 were overruled by the court, and as to this there was no error in overruling the grounds assigned to it.

The plaintiff is the wife of the defendant. They had one child, the girl of three years of age. They separated, the wife leaving his home. She had a daughter by a former marriage, and he had a daughter by a former marriage. The plaintiff with her daughter went to his home, got this little child of theirs, and was going away with it in a buggy drawn by a mule, and the father (defendant), upon hearing of it, took his daughter, went in an automobile in pursuit of this child, and overtook them while traveling in the buggy on the public road, the child being held by the plaintiff (the mother). He caught hold of the child and took it from the mother and carried it back to his home, and then into De Kalb county.

The evidence for the plaintiff tended to show when the defendant overtook her he stopped his car, and he and his daughter got out, and he grabbed the bridle of the mule, snatched at plaintiff and the child, and "grabbed hold of us, slammed us backward and forward in the buggy," and jerked plaintiff and the child from the buggy. During this time his daughter was holding plaintiff's daughter. The arm and breast of plaintiff was bruised by him. The evidence for defendant tended to show that when he reached the buggy of plaintiff she took the child in her lap, and said "Let this baby alone;" and he took hold of the child under its arms and shoulders, and pulled her out of her mother's arms, without slamming or jerking either the child or the mother, and carried it back to his home. The evidence of defendant also tended to show that he did not touch plaintiff or bruise her.

[7] The court properly permitted the plaintiff to prove that the child said "Hold me, mama, hold me, mama! he hurt my sore head; he is going off with me"—and, further, that the daughter of defendant said: "Turn that baby loose; papa said he would kill it before he left home." These statements were made in the presence of the parties, in their hearing, and during the struggle for the child. It was a part of the res gestæ, and competent evidence to be considered by the jury. It is directly connected with the main transaction. Young v. State, 149 Ala. 16, 43 South. 100; Raymond v. State, 154 Ala. 1, 45 South. 895.

[8] The plaintiff on cross-examination of the defendant asked him the following question: "You did not stop to see whether you hurt her?" He answered, "I went on; I knew I had not hurt her." The court on motion of plaintiff then excluded this: "I knew I had not hurt her"—and the defendant duly excepted. The court would not permit defendant's attorney to ask the defendant, "Did you hurt the woman or not?" or "Did you injure Mrs. Harris in any way on that occasion?" The questions called for facts. The witness answered he "knew he had not hurt her." These were facts probably within his knowledge and observation. It was capable of being known to him. The complaint alleged the defendant did beat, bruise, wound, and injure plaintiff. The plaintiff testified he jerked her out of the buggy, bruised her breast and arm. This was a material inquiry in the case. The court erred in these rulings. The answer of the witness was improperly ruled out, and the court should have allowed defendant to answer the questions. The plaintiff could have fully tested his knowledge, if any, on the subject by cross-examination.

[9] There was evidence that the plaintiff prosecuted the defendant criminally in the county court growing out of this transaction, and that she also had a suit pending or tried in the circuit court in equity growing out of this matter, and that she is seeking damages in the circuit court in this cause growing out of it. The attorney for defendant in his argument to the jury stated:

"She persecuted him in the county court, and it grew until she persecuted him in the chancery court, and it grew until she persecuted him in the circuit court in this case."

The court from the bench on its own motion—

"called to the counsel and stated: The court declines to permit the statement to the jury

that any one is being persecuted in this court. Mr. Street to the Court: The court on its own motion without objection from the other side. The Court: Yes; the court of its own motion did so."

The defendant duly excepted to this action of the court. This statement by the attorney from the evidence in the case was not beyond the pale of legitimate argument. It was a legitimate inference from the evidence to be permitted in argument to the jury by the attorney for the defendant. In Hobbs v. State, 74 Ala. 41, this court held:

"Every inference counsel may think arises out of the testimony" is a "legitimate subject of criticism and discussion."

In Cross v. State, 68 Ala. 485, this court, discussing the subject of confining counsel to legitimate argument in a case, properly said:

"It is the duty of the circuit courts, in jury trials, to interfere in all proper cases of their own motion. This is due to truth and justice."

But this court also declared in the Cross Case, supra:

"Every fact the testimony tends to prove, every inference counsel may think arises out of the testimony, the credibility of the witnesses, as shown by their manner, the reasonableness of their story, their intelligence, means of knowledge, and many other considerations, are legitimate subjects of criticism and discussion."

It was shown in evidence that the plaintiff prosecuted the defendant for this offense in the county court; that she had a suit or testified in a suit against him in the equity court growing out of the transaction involved in this case. This was the third case against him. Blackburn v. Minter, 22 Ala. 613. The attorney by this argument from the evidence charged that the plaintiff (not the court) by the many suits against the defendant was persecuting him in such court. This argument of the attorney, excluded by the court, was a legitimate inference from the evidence as presented by the defense. The court erred in this ruling; and, coming direct and as it did from the court ex mero motu it was calculated to prejudice the cause of the defendant with the jury. Authorities supra.

[10] In case of voluntary separation of husband and wife a court of equity has power to permit either the father or the mother to have the custody and control of the children. Section 4503, Code 1907.

[11] It would be wrong for either parent in rudeness or in anger to take by force their child from the actual manual possession of the other, whether they are living together or apart; and if the father did so, then an action for damages therefor may be maintained by the mother, if she is injured as a proximate consequence thereof. Hayes v. Hayes,

15 Ala. App. 621, 74 South. 737; Johnson v. Johnson, 201 Ala. 41, 77 South. 335, 6 A. L. R. 1031; Wilson v. Orr, 210 Ala. 93, 97 South. 133, headnote 11–12.

Written charges numbered 1, 2, 3, 4, 5, 6, and 7, requested by the defendant, are not in harmony with the principles of law above declared, as applicable to this cause, and the court properly refused each one of them, and a separate discussion of each is not necessary.

There are many other errors assigned on parts of the oral charge of the court and the argument of attorney for the defendant to the jury. We need not discuss and pass on these alleged errors. The judgment must be reversed. The complaint may be amended, an entirely different issue may be presented on another trial, the argument of attorneys will no doubt be different, and what we have written is sufficient to guide the court.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.