(135 So. 481)

**PENTON v. PENTON.**

**3 Div. 969.**

Supreme Court of Alabama.
June 18, 1931.

Hill, Hill, Whiting, Thomas & Rives, of
Montgomery, for appellee.

Rushton, Crenshaw & Rushton, of Mont-
gomery, for appellant.

## THOMAS, J.

The suit is for personal injuries by the wife against the husband.

Each count of the complaint is for simple negligence. The first count sets up that plaintiff was driving defendant's automobile on a public road, and the defendant was riding with the plaintiff upon the front seat of said automobile, and "then and there the defendant negligently interfered with the plaintiff in her operation of said automobile and thereby as the proximate result and consequence thereof, said automobile was caused to overturn and plaintiff received severe personal injuries," etc. In the second count, the allegation is, "and then and there the defendant negligently grabbed the steering wheel of said automobile and interfered with the plaintiff in and about the operation of said automobile and thereby and as the proximate result and consequence thereof, said automobile was caused to overturn," etc.

The defendant filed pleas in short by consent, (1) the general issue, and (2) contributory negligence. There was a jury and verdict for damages and judgment rendered accordingly; hence the appeal.

The plaintiff was the only witness as to the facts of the accident. Her testimony was that on Sunday November 3, 1929, about 10:30 in the morning, she was driving an automobile on a public road in this county, about a quarter of a mile this side of the river bridge, headed towards Wetumpka. At that place there was a high fill on either side of the road—that is, the road was upon a fill and there was a ditch on either side; the ground was lower. "In my best judgment I was going not over twenty-five miles an hour immediately before the accident. Mr. Penton, my mother and my baby were in the car with me. Mr. Penton was sitting on the front seat by me and my mother and baby were on the back seat. I was driving at the time. It had not been raining. It was very cloudy. I don't remember if it had been raining at all; it had not been raining to amount to anything, if it had been raining any. It was very cloudy. *Just before the accident the car began to skid a little.* Well, the car began to skid, and you know how cars do when you fail to—that they—that you have them under perfect control, and then, I have been driving a long time, and I knew not to apply the brakes—I have been driving a car for ten years. *I knew how to drive a car and was an experienced driver. The car was a Buick Coach. I had been accustomed to driving that kind of car. I did not apply my brakes when it skidded.*" (Italics supplied.)

Counsel then asked the witness the following question: "In your best judgment, did you have the car under control?"

Defendant objected on the ground that said question called for a statement of opinion, was invasive of the province of the jury, and called for a conclusion. The court overruled the objection, and defendant duly excepted.

The answer was: "I did. In my best judgment, I did have the car under control. Mr. Penton then grabbed the steering wheel from me and it went right over on the right side and turned over and then I fell out. The next I knew I was underneath the car. The car went on over the right hand side of the road. He reached over with both hands and grabbed like this (indicating) and then it just threw me back, and then the car went off and then I had no further control."

Plaintiff then changed the question to the following: "In your best judgment, you had control of the car up to that time, you say?"

Counsel for defendant objected on the ground that said question called for a conclusion of the witness, a statement of an opinion, and was invasive of the province of the jury. The court overruled the objection, to which ruling the defendant then and there duly excepted.

The witness answered: "*I did have control up to that time.* After Mr. Penton grabbed the steering wheel, *I did not have any further control of the car.* I don't remember how many times the car turned over when it left the road. *The minute Mr. Penton grabbed the wheel the car left the road and turned over.* The car was in the center of the road when he grabbed the wheel and it went directly to his side of the road. I don't know how many times it turned over, I just remember the horrible crash. I was knocked unconscious," etc. (Italics supplied.)

Plaintiff then described her injuries, sickness, and suffering, which were grievous and of long duration. On cross-examination she said that her injuries were shown to be permanent; that "Mr. Penton, the defendant here, is my husband."

After physicians and nurses had testified to her injuries, the plaintiff was recalled to the stand for further cross-examination, and testified: "After Mr. Penton grabbed the steering wheel, about a second after, the car turned completely around and overturned. I don't remember whether it had been raining.

It was awfully damp and it had just begun to rain a little. I know the road is paved there but I don't know what kind of pavement it is. I don't know about that being a bad place in the road. I don't remember saying anything about a bad place just before we got to it. I don't remember mentioning about it being a bad place at all. It was a curve. It was on a curve. I don't remember that there was a bad place in that road that had been there since the March flood. I don't travel that road often. I have not examined the pavement. * * * I just remember my car began to skid. * * * And Mr. Penton reached over and grabbed it, and the car whirled around that way and went on. * * * And when it got off, it had whirled around until it was coming back towards Montgomery, when it went off. It went off the right side. * * * Mr. Penton does not drive a car at all."

On cross-examination by defendant, she testified: "Mr. Penton rides in a car very often. He does not drive. He has never driven that car. He has driven a Ford. I have driven a Ford and driving them is the same now as any other car. It wasn't before. It didn't have gears when he drove. Mr. Penton is a traveling man. He often makes long trips in automobiles. He does drive through the country. He doesn't have a car for the road. He travels on the train, but he takes automobile trips through the country and has been doing that for several years."

To question by her own counsel, she said: "It has been at least seven years since he drove a Ford and he has not driven a gear car at all. He does not know how to drive a gear car."

The bill of exceptions states that the foregoing was substantially all of the evidence introduced by either party in said cause.

The refused charges to defendant were: "I charge you, gentlemen of the jury, that if you believe the evidence in this case you cannot find for the plaintiff on either count of the complaint," and separate affirmative charges as to count 1 and count 2 of the complaint.

After verdict for the plaintiff, the defendant made a motion for a new trial on the following grounds:

"1. Because said verdict is contrary to law.

"2. Because said verdict is contrary to law in this, that it permits recovery by a wife against her husband for negligence.

"3. Because the court refused the affirmative charge requested by the defendant in writing.

"4. Because the verdict is not sustained by the evidence."

The court overruled the motion for new trial, and the defendant duly and legally excepted.

The action of the trial court is challenged in the assignment of errors and in argument for (1) permitting counsel for plaintiff to ask Mrs. Penton the two questions: "In your best judgment did you have the car under control?" and "In your best judgment, you had control of the car up to that time, you say?" (2) in refusing to give the defendant the general affirmative charge; and (3) in overruling defendant's motion for a new trial.

■ It should be borne in mind that plaintiff had testified to all the facts before she made the statements to which objections and exceptions were reserved. She had given the condition of the road; that of the weather; the speed of the car; that she did not apply the brakes; that just before the accident the car began to skid a little, and that she did not apply the brakes when it skidded; that she had been driving a car for ten years, knew how to drive such car, and was an experienced driver generally and of that kind of car. She had given the facts and was qualified as an expert in the operation and driving of the kind of car in question. Jones v. Keith (Ala. Sup.) 134 So. 630; [1] Alabama G. S. R. Co. v. Linn, 103 Ala. 134, 15 So. 508; Sovereign Camp, W. O. W., v. Hoomes, 219 Ala. 560, 122 So. 686. Having given the facts that could be specifically stated, and qualified as an expert, she may be asked and answer as she did under the foregoing and following recent decisions: Jones v. Keith, supra; Brasfield v. Hood, 221 Ala. 240, 128 So. 433; Louisville & N. R. Co. v. Jacobson, 218 Ala. 384, 118 So. 565; Langley v. Messer (Ala. Sup.) 133 So. 287, 291; [2] Reaves v. Maybank, 193 Ala. 614, 69 So. 137. In the case of Birmingham Stove & Range Co. v. Vanderford, 217 Ala. 343, 347, 116 So. 334, the witness had not qualified as an expert and was asked whether the other or third party had the truck under control. In these rulings no reversible error intervened: Spooney v. State, 217 Ala. 219, 115 So. 308, where the charge was reckless driving, under the statute the witness was improperly permitted to say defendant was "still driving recklessly," a mere conclusion; Brandon v. Progress Distilling Co., 167 Ala. 365, 52 So. 640; Arnold & Co. v. Gibson, 216 Ala. 314, 113 So. 25.

The trial court thus stated to the jury the question now urged upon this court. It was: "* * * This is a suit brought by the plaintiff, Mrs. Elizabeth Penton, against George W. Penton, who is called the defendant. The fact in this case that the plaintiff and the defendant occupy the relation of husband and wife does not affect the liability of the husband, because the law says the

---

[1] Ante, p. 36.    [2] 222 Ala. 533.

wife must sue alone for injury to her person, and the fact that the party sued is her husband, so far as this case is concerned, does not affect his legal liability in any manner."

It may be conceded for the purpose of this decision, without deciding, that the general issue raised the question presented in the motion for a new trial; that "said verdict was contrary to law" in that there was "recovery by a wife against her husband for his negligence," resulting in her physical injury. It is provided by the present statute, section 8268, Code of 1928, that "the wife must sue alone, at law or in equity, upon all contracts made by or with her, or for the recovery of her separate property, or for injuries to such property, or for its rents, income, or profits, or for all injuries to her person or reputation; and upon all contracts made by her, or engagements into which she enters, and for all torts committed by her, she must be sued as if she were sole." This statute was held broad enough to include a suit by the wife against her husband in detinue, ex delicto, for recovery of her personal property, Bruce v. Bruce, 95 Ala. 563, 565, 11 So. 197; Strength v. Thornton, 19 Ala. App. 475, 98 So. 206; for recovery of her realty, Cook v. Cook, 125 Ala. 583, 27 So. 918, 82 Am. St. Rep. 264; and for a wilful assault and battery in Johnson v. Johnson, 201 Ala. 41, 77 So. 335, 6 A. L. R. 1031; and Harris v. Harris, 211 Ala. 222, 100 So. 333, assault and battery or willful tort. Hayes v. Hayes, 15 Ala. App. 621, 74 So. 737, was maintained for damages for assault and battery arising in a struggle for the possession of a child of the respective parties. The case of Strouse v. Leipf, 101 Ala. 433, 14 So. 667, 23 L. R. A. 622, 46 Am. St. Rep. 122, did not decide the question before us, but rather that the husband, being the head of the family and having control of the premises, was liable for injuries caused by a known vicious dog kept upon the premises. The right of the wife to successfully maintain suit against her husband was not decided.

Coming to the decision of the question left open by the foregoing decisions, whether an action for simple negligence, ruled by the foregoing construction of the married woman's statute, may be maintained by the wife against the husband for his actionable simple negligence within the rules ordinarily obtaining as to such liability? Within the statute and the analogy of the foregoing decisions by this court, we hold the suit was properly maintained. We have no desire, nor is there an impelling reason, to modify any expression contained in the decision in Johnson v. Johnson, supra. Within the analogy and authority of these cases, it is unnecessary to discuss the general authorities cited by respective counsel.

What we have said disposes of the motion for a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

