(137 So. 450)

## McKINLEY v. NATIONAL BENEFIT LIFE INS. CO.

### 6 Div. 948.

Supreme Court of Alabama.

Nov. 5, 1931.

Windham & Countryman, of Birmingham, for appellant.

McCollough & McCollough, of Birmingham, for appellee.

**BROWN, J.**

While some of the defendant's pleas are not free from demurrable defects, they are not subject to the objections stated in the demurrer, which was overruled without error. Code 1923, § 9479; Deslandes v. Scales et al., 187 Ala. 25, 65 So. 393; Southern Indemnity Ass'n v. Hoffman, 16 Ala. App. 274, 77 So. 424.

The statute authorizes the defendant to "plead more pleas than one without unnecessary repetition; and, if he does not rely solely on a denial of the plaintiff's cause of action, must plead specially the matter of defense." Code 1923, § 9470. And inconsistency in the defenses set up in the several pleas does not render them demurrable, nor does the fact of repetition render any of the pleas subject to demurrer. Ex parte Cowart, 201 Ala. 55, 77 So. 349.

Plaintiff's replication 2 was subject to some of the grounds of demurrer. To be good, the replication should have set out the provisions of the policy contract entitling the insured to accumulated dividends, and the obligation of the insurer to apply the dividends to premiums for extended insurance.

Replication 3 is subject to the objection that it does not show that the insurer was under any obligation to apply accumulated dividends in payment of premiums to extend the policy, and was subject to the objection stated in the 10th ground of demurrer.

Replications 5 and 6 are mere legal conclusions unsupported by averred facts.

Replication 7 is subject to demurrable defects, but is not subject to the grounds stated in the demurrer, and no other grounds can be considered. Code 1923, § 9479.

Replication 8 was good as to plea 9, and the court erred in sustaining the demurrer to this replication.

It is urged by appellee that this error should not work a reversal of the judgment because the defendant's other pleas were good. The answer to this contention is that said pleas have neither been proved nor confessed on the record.

For the errors pointed out, the judgment is reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.