175 So. 344

**EMPLOYERS INS. CO. OF ALABAMA, Inc., v. DIGGS.**

**I Div. 950.**

Supreme Court of Alabama.

May 13, 1937.

Rehearing Denied June 24, 1937.

Smith & Johnston, of Mobile, for appellee.

Vernol R. Jansen, of Mobile, for appellant.

**THOMAS, Justice.**

The suit was to enforce suretyship founded on judgment for damages. The trial was had on count B.

The judgment against the Gulf Coast Motor Express, Inc., and C. C. Couvillon was had in Mississippi for $8,000, which was reduced in the amount of $3,000 by remittitur of damages; this sum not being paid, suit was brought in the circuit court of Mobile county, Ala., against surety on bond as a common carrier by motor vehicle under permit from this state. Gen.Acts Ala.1932, Ex.Sess., pp. 178, 180, 185.

The plaintiff as a witness in his own behalf, was asked by defendant: "Where were you when you were hurt?" Plaintiff objected to the question, stating, "I do not see what that has got to do with the judgment of the court over there. The judgment of the court over there is conclusive of the matter, and we cannot try the case over." The court sustained said objection and the defendant duly reserved an exception to the ruling. In this ruling of the court there was no error. Employers Ins. Co. v. Brock, 233 Ala. 551, 172 So. 671.

The judicial proceedings of said cause in Mississippi, certified to under the act of Congress (28 U.S.C.A. § 687), were duly introduced in evidence over the objection and exception of defendant.

The questions of (1) negligence and liability therefor, (2) damages and the amount thereof, were settled by the first trial, which was founded on the same facts here presented by the defendant assured.

The question of fact is presented by the pleadings of: (1) Nul tiel record in this action for debt on judgment indemnified; (2) the coverage of the policy; (3) noncooperation or the waiver thereof after knowledge. These matters are presented in the suit on the judgment against the surety, Employers Ins. Co. of Ala. **v.** Brock, supra,

which may be, and were, presented under the general issue.

The contract of insurance contains, among others, the following provisions:

"B. The assured shall give immediate notice with full particulars, in form prescribed by the Company, of any accident covered by this policy. * * * The Company shall have the right to settle any claim or suit at its own cost at any time.

"C. The assured shall not, unless at his own expense, pay or settle any claim, incur any expense or voluntarily assume any liability in respect to any accident covered by this policy * * *."

The insured must prove notice as required by the policy. This notice was given properly in evidence. Clements v. Preferred Acc. Ins. Co. (C.C.A.) 41 F.(2d) 470, 76 A.L.R. 17; St. Louis Arch. Iron Co. v. New Amsterdam Cas. Co. (C.C.A.) 40 F.(2d) 344; United States F. & G. Co. v. Yeates, 217 Ala. 150, 115 So. 174.

The contract of insurance also contains the following provisions:

"In consideration of the premium and of the Declarations forming a part hereof, Does Hereby Agree To insure the assured against the risks assumed hereunder, while within the limits of the United States of America (exclusive of Alaska, the Hawaiian, Philippine and Virgin Islands and Porto Rico) and Canada subject to the agreements herein set forth."

"I. Against loss and/or expense arising or resulting from claims upon the assured for damages by reason of his legal liability on account of bodily injuries and/or death accidentally suffered, or alleged to have been suffered, by any person or persons not hereinafter excepted, due to the ownership, maintenance, and/or use (including the carrying of goods thereon and the loading and unloading thereof if insured under this policy as a commercial automobile) of the automobile described herein, provided such accidents or alleged accidents occur while this policy is in force. * * *

"II. Against loss and/or expense arising or resulting from claims upon the assured for damages by reason of his legal liability on account of damages to or destruction of property of every description (except, however, property of the assured or property in the custody of the assured, or property which is rented or leased by the assured or property carried in or upon any automobile of the assured) caused, or alleged to have been caused, by an accident due to the own-

ership, maintenance and/or use (including the carrying of goods thereon and the loading and unloading thereof if insured under this policy as a commercial automobile) of the automobile described herein, including the resultant loss of use of such property damaged or destroyed, provided such damage or destruction occurs while this policy is in force."

The contract of insurance also contains a provision "to defend" the assured against the terms of financial responsibility laws, as follows:

"V. To construe the insurance granted by this policy to conform to the law of any State of the United States or of any province of the Dominion of Canada, in effect while this policy is in force, by which such insurance is required as proof of Financial responsibility prerequisite to the granting or continuance of authority * * * to operate a motor vehicle on the highways of such state or province. This paragraph shall apply to the insured automobile while being operated in such state or province and· shall be effective only to the extent of the coverage and the limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy."

The exceptions from coverage are contained in paragraph E of the policy of insurance, and among them are: "* * * (f) being used for rental or livery ·purposes or for the carrying of passengers for a consideration, actual or implied." The policy further states that it does not cover any accident while the automobiles are "being used elsewhere than within the confines of the United States and Canada."

In the recent decision in United States Fidelity & Guaranty Co. v. Hearn, 233 Ala. 31, 170 So. 59, the last-quoted provisions, and that of the liability of surety to defend the pending suits, were defined and applied.

The application for the insurance made by Gulf Coast Express, Inc., in items 6, 7, and 9, states the domicile or storage places of the vehicle in question; that such automobile will be principally used in the city or town (and its vicinity) of New Orleans, La., to Baton Rouge, La., New Orleans, La., to Mobile, Ala., and for the use stipulated. The extent of limitation in the amount of liability is stated in items 11 and 12. The judgment final with remittitur was within that limit of the amount of liability under the policy.

One of the indorsements on ⁄the policy, which is the subject of this suit is as follows: "Endorsement attached to policy dated 7:06 P. M. July 7, 1934, to cover Item 20, C. C. Couvillion and/or Gulf Coast Motor Express is amended to become effective as of 7:06 P. M. June 7, 1934, and the motor number of the truck covered is amended to be 4099289. Endorsement attached to policy dated 7:06 P. M. July 7, 1934, to eliminate Item 17-C. C. Couvillon is also amended to (be) effective June 7th, instead of July 7th."

The car, by its proper number, was indicated in the report of the accident made by assured.

Another indorsement on the policy reads as follows:

"Public Liability and Property Damage for Motor Carriers Operating Under Alabama Permits. The policy to which this endorsement is attached is written in pursuance of, and is to be construed in accordance with, an Act of the Legislature of Alabama approved October 28, 1932 (H. B. 113), and the reasonable and legal rules and regulations of the Alabama Public Service Commission adopted thereunder and applicable hereto. The policy is to be filed with the State in accordance with the statute.

"In consideration of the premium stated in the policy to which this endorsement is attached, the insurer hereby insures the motor vehicles· described in the policy and any motor vehicle substituted therefor, but not additional motor vehicles, and agrees to pay within the limits of the policy or any. endorsement attached thereto any final judgment for personal injuries, including death resulting therefrom suffered by any persons (other than the insured or his employees, passengers of, or the shippers of freight by such carrier) and/or damage to property (but excluding property of the assured or property designated as 'cargo' received for shipment or in transit) for which the carrier may be liable by reason of the operation of any motor·vehicle subject to the provisions of said Act and operated by the assured pursuant to a permit issued to the assured under said Act, and further agrees that upon its failure to pay any such. final judgment, said judgment creditor may maintain an action in any court of competent jurisdiction to compel such payment.

"No condition, provision, stipulation or limitation, contained in the policy or any other endorsement thereon, nor the violation of any of the same by the insured shall affect in any way the right of any person (covered under this policy) injured

in person or property to recover damages recoverable under this policy, or relieve the insurer from the liability provided for in this indorsement, or from the payment to such person of any such judgment, to the extent and in the amounts set forth in the policy.

"This policy shall not be cancelled or otherwise terminated at any time prior to its expiration for any reason until there has been filed with said Commission by the insurer written notice to such effect at least fifteen days prior to the date of such termination or cancellation. This provision shall be deemed to be a part of the policy and no provision thereof and no agreement between the parties thereto shall operate to void the same.

"Attached to and forming a part of policy No. A-8466 issued by Employers Insurance Company to Gulf Coast Motor Express, Inc. et al."

Indorsement No. 3 contains, among other things, the following:

"The policy to which this endorsement is attached is written in pursuance of and is to be construed in accordance with an Act of the Legislature of Alabama approved June 19, 1931, known as the 'Alabama Motor Carrier Act of 1931', and the reasonable and legal rules and regulations of the Alabama Public Service Commission adopted thereunder and applicable hereto. The policy is to be filed with the State, in accordance with said statute.

"In consideration of the premium stated in the policy to which the endorsement is attached, the insurer hereby insures the motor vehicle described in the policy * * * and agrees to pay within the limits of the policy or any endorsement attached thereto (and) final judgment for personal injuries, including death resulting therefrom suffered by any person other than the insured or his employees and/or damages to property, * * * and further agrees that upon its failure to pay any such final judgment, said judgment creditor may maintain an action in any court of competent jurisdiction to compel such payment."

▮▮ The application for a permit to operate in Alabama, and the bond pursuant thereto, were issued under the provisions of the Motor Carrier Act of Alabama, Gen. Acts 1932, Ex.Sess., pp. 178, 180, 185.

The application for and the issuance of permit show the operation in and from this state. The indemnity given under the permit from the state followed the car and its driver in the discharge of his duties with the car and within the line and scope of the agency. Mosley v. Teche Lines, Inc., 232 Ala. 110, 166 So. 800. A photostatic copy of the policy of insurance, together with indorsements, duly certified, were offered and properly admitted in evidence. The record recites:

"The defendant requested the court to again rule on the proffer of pleas filed by the defendant. Counsel for the plaintiff stated: 'There have been no amendments to Count B.' The court denied the motion for leave to file these pleas and the defendant reserved an exception to the ruling of the court.

"Counsel for the defendant stated: 'In order that the record may be clear on that, I just want to call Your Honor's attention to the fact that the policy which he has offered in evidence here contains endorsement No. 3 which is the endorsement set up in the pleas and referred to in pleas 2 and 3 which have been filed, and we want to refile those pleas in order to meet the evidence which he has introduced.' Counsel for the plaintiff stated: 'They know what the policy was, and had a year to file the pleas, and come in here on the day of the trial * * *.' The court stated: 'Mr. Burton, I have been engaged in noting a motion to refile pleas to Count B on the docket: I will hear you now in the other matter, which you said you wanted the record straightened out on.' The Counsel for the defendant stated: 'We want the record to show the pleas which had been filed, and which Your Honor has disallowed. I think your Honor understands what we are driving at, that we want to file pleas in order to meet evidence which has now been introduced in trial of the case, and we want leave to refile those pleas in order to meet the evidence. I understand you deny us the right to do that?' The Court answered, 'yes, sir.' Whereupon the defendant reserved an exception to the ruling of the court. Defendant rested."

▮▮ Counsel stated that an oral motion was made which withdrew all counts except count B. Defendant attempted to refile pleas 2 and 3, which the court would not permit.

The court had set the case for trial but on November 2, 1936, at the request of the defendant, continued the date of trial to November 20, 1936. The record shows that "defendant, instead of filing the plea accord-

ing to the rules of this Court, waited until Nov. 18th, 1936, when the plaintiff has in court numbers of witnesses from Mississippi and from New Orleans, Louisiana, and the effect of the filing of the pleas would be to compel a continuance of the cause." This action was within the sound discretion of the court. Louisville & N. R. Co. v. Wynn, 166 Ala. 413, 51 So. 976; Roden et al. v. Capehart, 195 Ala. 29, 70 So. 756, 757. We find no abuse of discretion by the trial court in such ruling. Moreover, the matter of the coverage of the policy was available to defendant under the general issue (Huntsville Knitting Mills v. Butner, 200 Ala. 288, 76 So. 54), as the case was tried.

It is the allegation of plaintiff, as shown in count B, that the motor vehicle operated by C. C. Couvillon was covered by the policy of insurance, that notice of the filing of the suit was given the insurance company, and it defended the cause. To prove the complaint, the policy furnished by defendant in answer to interrogatories propounded under the statute (Russell v. Bush, 196 Ala. 309, 71 So. 397); certified copy of policy and indorsements filed with the Alabama Public Service Commission; the report of the accident attached to the answer of interrogatories; the testimony of Holster Diggs that he was the plaintiff in suit, is the owner of the judgment, and is unpaid; the testimony of the clerk of the circuit court and statement that costs were paid by defendant here—were introduced in evidence. Indemnity Co. of America v. Bollas, 223 Ala. 239, 135 So. 174.

The defendant objected and moved to exclude "each portion of the foregoing documents and certificates, separately and severally" on grounds assigned. The court overruled the motion and the defendant reserved an exception. It is recited in the record:

"The plaintiff thereupon read portions of these documents and certificates to the jury, after making the following statement:

" 'I won't attempt here at this time to read all of the documents, except the judgment of the Court entered on the 26th day of March, 1935.'

"The plaintiff offered in evidence answers of the defendant to interrogatories propounded by the plaintiff, whereupon the defendant, through his attorneys, stated: 'We ask opportunity to renew our objection to each question as the answer is offered in evidence.' Counsel for the plaintiff stated:

'That was passed on at one time. We had it up here two or three times, but we have no objection.'

"The court asked: 'Do you want the Jury excused?' The defendant answered 'No, sir' and stated that the objections were passed on when they were made, but these objections were not in the record. The court stated: 'I will hear your objections now.'

"The defendant thereupon read the questions and stated the objections to the questions."

The interrogatories propounded contained, among others, the following questions:

" 'Please state whether, or not, the Gulf Coast Motor Express, Inc., made a report of an accident which occurred on or about July 1st, 1934, wherein the plaintiff, Holster Diggs, received bodily injuries? The defendant objected to this question on the ground that it called for irrelevant, incompetent and immaterial testimony, that it called for the conclusion of the witness, for hearsay testimony, and for the contents of a confidential report and on this further ground that any statement made by the Gulf Coast Motor Express, Inc. would not be binding on this defendant; that it is secondary evidence.

" 'If so, please state the time and place of said accident. The defendant objected to this question on the ground that it called for irrelevant, incompetent and immaterial testimony, for the conclusion of the witness, for hearsay testimony, and for a confidential report or statement made by another person, which would not be binding on this defendant.

" 'Please attach hereto a true and correct copy of said report.' The defendant objected to this question on the ground that it called for irrelevant, incompetent and immaterial testimony, for a conclusion of the witness, for hearsay testimony, for a report of statement made by a person which would not be binding on this defendant, for hearsay evidence, for secondary evidence and for the contents of a report.

" 'Who was driving the truck involved in said accident?' Was not objected to.

" 'Was the said truck covered by the insurance policy, the property of the Gulf Coast Motor Express, Inc?' Was not objected to.

" 'Please state the relation of C. C. Courvillon to the Gulf Coast Motor Express, Inc.' Was not objected to.

" 'Please give the name, year model, license number, motor number, serial number, and capacity of the truck in said accident.' (Was not objected to.)"

And further answering interrogatories, defendant's Secretary and Treasurer, said:

"1. (a) Yes. (b) October 6th, 1933. (c) One year. (d) Yes. See Policy hereto attached. (e) Duplicate of policy attached. Under terms of said policy, it covers the Gulf Coast Motor Express, Inc., and also the terms and conditions of said policy are so extended as to be available in the same manner and under the same conditions as they are available to said Gulf Coast Motor Express, Inc., to any person or persons legally operating any of the automobiles described in the declarations of said policy. (f) Copy of policy is attached and same is the best evidence and justly sets forth the losses and damages against which the Gulf Coast Motor Express, Inc., and the drivers are insured. (g) Yes. (h) The attached policy shows the amount of coverage. (i) The policy insures the assured against loss arising or resulting from claims upon the assured for damages by reason of legal liability on account of bodily injury and/or death accidentally suffered by any person or persons not excepted, due to the ownership, maintenance and/or use of the automobiles described on the policy while same was being operated within and under the terms of said policy. (j) Yes. (k) Policy requested is hereto attached and made a part hereof.

"2. (a) Yes. (b) July 1st, 1934, about seventeen (17) miles south of Bay St. Louis, Mississippi, at eleven (11) o'clock P. M. (c) Defendant states that neither it nor any of its agents know of its or their personal knowledge if said truck at the time of the accident, was being operated as a common carrier of freight, but assured claims that it was. (d) For answer to question 'c' of interrogatory number Two (2). (e) Defendant says that neither it nor any of its agents know of its or their personal knowledge whether C. C. Courvillon was driving the truck, but it was reported to them that he was. (f) A true and correct copy of accident report is hereto attached and made a part hereof."

Among the exhibits was the following:

---

Name of Policyholder *Gulf Coast Motor Express, Inc.* Policy No.————

Address *1155 Constance* City *New Orleans.* Phone No.————

Make of Year *1934* Type *truck &* Motor Serial No.
Automobile *Chevreolet* *trailer* No. *4099289* *9PB 2–4683*

Date of Accident *July 1st,* 1934 Hour *11*· Day or Night? *Night.*

Place of Accident *17 south of Bay St. Louis, Miss.*

Name of Driver of Policyholder's Auto *C. C. Couvillion* Address *1526*
 *France St.*

Age ———— Telephone No. ———— Have you driver's license? *Yes.*

Have you made claim against
 other party? *No* If so, who is your attorney? ————————————
Is this your first, second, or third accident?

---

| | Name | Address | Age and relationship to Policyholder | If Injured, answer Yes or No here and give details on separate sheet. |
|--------------------------|------|---------|--------------------------------------|----------------------------------------------------------------------|
| Persons IN AUTOMOBILE of Policyholder. 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |

| | Name | Address | Age and relationship | If injured, answer Yes or No here and give details on separate sheet. |
|---|---|---|---|---|
| Persons IN other AUTO-MOBILE (S) involved in accident. | 1. Emily Diggs. | 2022 Sixth | 30 | Yes. |
| | 2. Hester Diggs. | 1529 Saratoga | 23 | Yes. |
| | 3. H. Diggs. | 2022 | 34 | Yes. |
| | 4. Ruby Grass | 1813 Toledano | 23 | Yes. |
| (Name and address of driver) | Coudray Annis Houze | 1529 Saratoga | 15 | Yes |
| | Dudley Barnes | 2010 Philip | 28 | No. |

| Persons NOT IN AUTOMO-BILE (S) involved in accident who claim to be injured. | |
|---|---|
| 1. | |
| 2. | None |
| 3. | |
| 4. | |

(Give details on diagram sheet as to where they were at time of accident—street, sidewalk, etc.)

| Damage to Automobile or Other Property OF POLICY-HOLDER with name, etc., of property causing the damage. | Trailer |
|---|---|

| Damage to Automobile or Other Property NOT OF POLICYHOLDER, with name and address of owner. | Dudley Barnes—221 Phillip St. Totally demolished |
|---|---|

| WITNESSES If witnesses were occupants of your car mark X after their names. | NAME | ADDRESS |
|---|---|---|

Dated, July 5, 1934
Form 1001

Signed Gulf Coast Motor Express, Inc.
(over) Policyholder or Representative.

 The insistences of appellant are catalogued by his assignments of error and insisted upon in brief, viz.: Identity of vehicle, (2) insufficiency of evidence showing jurisdiction of the circuit court of Mississippi, (3) that Couvillon at the time of the accident operated a vehicle covered by the policy. The question of jurisdiction of the Mississippi court cannot be litigated here. Properly authenticated, the Mississippi judgment became final. Flack v. Andrews, 86 Ala. 395, 5 So. 452. That is to say, a final judgment becomes conclusive evidence of the fact of negligence, damages, and the amount thereof. There is no insistence here of nul tiel record. The indorsement of the policy and that of the report of the accident, made a part of the defendant's interrogatories, are in evidence, and made the case of identity of the vehicle

and that it was driven by Couvillon, facts, and uncontroverted questions for the jury. And the general affirmative charge given by the court was warranted on such uncontradicted evidence, if there was no error in the admission of the report hereinabove set out. Ohio Cas. Ins. Co. v. Beckwith (C.C. A.) 74 F.(2d) 75.

As to that phase of the case, the answer of defendant to interrogatories made the report to the defendant a part of its answer returned by it under the statute. It is true that this report is signed by the Gulf Coast Motor Express, Inc., and the evidence does not disclose who affixed the signature of such corporation. However, it was the corporation to which insurance issued, and it was made or became a part of defendant's answer. Therefore, the pertinent facts therein as to number, identity of car, the name of the driver, the time of the injury, are shown. Fidelity & Casualty Co. v. Raborn (Ala.Sup.) 173 So. 402,[1] and authorities. This reference to the report and its incorporation in defendant's answer did not make the same subject to the rule against "hearsay" evidence. Jackson v. Vaughn, 204 Ala. 543, 86 So. 469. It was the declaration of the assured to the surety, who thereafter made it competent evidence by incorporating it as a part of its answer as defendant in this suit, and it was in the discharge of its contract duty as assured to forthwith report accidents or claims to the surety.

It would result from this that the general affirmative instruction requested by the plaintiff was properly given by the trial court.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

