Silverstein, Appellant, *v.* Kastner et al.

Argued April 21, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Louis J. Goffman,* with him *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*G. A. Troutman,* of *McWilliams, Wagoner & Troutman,* for appellee.

OPINION BY MR. JUSTICE DREW, May 12, 1941:

A complete answer to the only question raised in this appeal is found in *Duffy v. Duffy,* 117 Pa. Superior Ct. 500. The question is, can a mother maintain a suit against her unemancipated minor son for injuries sustained by her in an accident resulting from his alleged negligent operation of an automobile in which she was a passenger, if the minor is indemnified against loss

or damage by a casualty insurance company? The answer is that she cannot, because such actions are barred since they are disruptive of family peace, destructive of the enforcement of filial discipline, and, therefore, against public policy. This general rule has been followed almost unanimously.[1] And the overwhelming majority of courts,[2] including our own, *Duffy v. Duffy*, supra, have refused to recognize any distinguishing facts in the circumstance that the minor may have been carrying indemnity insurance. As said by the learned Superior Court in the Duffy case: "Without a legislative mandate, we see no justification for making such a discrimination, thus segregating automobile cases from other actions by a parent growing out of the negligent conduct of an unemancipated minor, because in many automobile cases insurance might be carried that would give protection." The fact therefore, that there was insurance in the instant case was of no moment.

Judgment affirmed.

---

[1] *Schneider v. Schneider*, 160 Md. 18, 152 A. 498; *Oliveria v. Oliveria*, 305 Mass. 297, 25 N. E. (2d) 766; *Cafaro v. Cafaro*, 118 N. J. L. 123, 191 A. 472; *Crosby v. Crosby*, 230 App. Div. 651, 246 N. Y. S. 384; *Turner v. Carter*, 169 Tenn. 553, 89 S. W. (2d) 751. Cases involving the suit by an unemancipated minor child against its parent reach the same result on the same ground of public policy. See Annotations in 31 A. L. R. 1157, 71 A. L. R. 1071 and 122 A. L. R. 1352.

[2] *Owens v. Auto Mutual Indemnity Company*, 235 Ala. 9, 177 So. 133; *Rambo v. Rambo*, 195 Ark. 832, 114 S. W. (2d) 468; *Bulloch v. Bulloch*, 45 Ga. App. 1, 163 S. E. 708; *Schneider v. Schneider*, 160 Md. 18, 152 A. 498; *Luster v. Luster*, 299 Mass. 480, 13 N. E. (2d) 438; *Elias v. Collins*, 237 Mich. 175, 211 N. W. 88; *Lund v. Olson*, 183 Minn. 515, 237 N. W. 188; *Small v. Morrison*, 185 N. C. 577, 118 S. E. 12; *Lasecki v. Kabara*, 235 Wis. 645, 294 N. W. 33.