## Seymour et al. v. Folberg

*Robert W. Beatty*, for plaintiffs.
*D. Malcolm Hodge*, for defendant.

ERVIN, J., May 6, 1942.—We have for consideration defendant's petition for the severance of plaintiffs' actions, upon which a rule to show cause was granted. The rule must be made absolute.

Defendant's petition states that his reason for asking for a severance of the actions is so that he may join Frank E. Seymour, Jr., as an additional defendant in the action of Frank E. Seymour. This very question was before the court in Freeman et ux. v. MacDonald et ux., 42 D. & C. 158, at which time we decided the issue against the position taken by defendant. However, that decision was rendered before the writer of this opinion had become a member of the court and, although we dislike to disagree with a former decision of our own court, we feel that it can no longer stand. At the time it was written there were no reported cases dealing with this question, but since that time several other common pleas courts have passed upon it and the weight of authority is opposed to our former opinion. See Stokes et al. v. Giarraputo & Son (No. 1), 42 D. & C. 161; Haney et al. v. Zimmerman, 42 D. & C. 716 (dicta); Burger et al. v. Stewart, 23 Erie 415 (dicta); Sweitzer et al. v. Erie Coach Co. et al., 44 D. & C. 328; William Freihofer Baking Co. et al. v. Collins, etc., 43 D. & C. 485; Judge et al. v. Lang, 43 D. & C. 511; Fisher et ux. v. Diehl et al., 44 D. & C. 325.

The only cases refusing a severance are Ball v. Hill (C. P. Chester County, no. 16, November term, 1941), Trexler et al. v. Catherman, 44 D. & C. 213, and Williams et al. v. Laurel Line Taxicab Co. et al., 43 D. & C. 165, where the severance was refused because of delay. The basis of our opinion in the Freeman case was that Pa. R. C. P. 213(b) only gave this court the authority to order separate trials and did not grant authority to order a severance of the causes of action. However, inasmuch as rule 213(b) does not specifically deny the right to grant a severance, we now hold that the court possesses such right as one of its inherent powers in

cases where it is necessary in order for substantial justice to be achieved. We feel that this is such a case. Additional defendants may be joined on the theory of sole liability, liability over, and joint liability. In the case of sole liability, the original defendant would be protected by a flat verdict in his favor; in the case of liability over, he could be protected by commencing a separate action against the proposed additional defendant, which action could be tried at the same time as the action against him; but in the case of joint liability, with its accompanying right of contribution, the original defendant could not be fully protected unless the proposed additional defendant were made a party to the writ. Defendant's petition does not state that he intends to allege a joint liability, but such fact is indicated in the brief which he filed in support of his petition. On this ground we hold that he is entitled to the severance. Reluctantly, therefore, we overrule our former decision in Freeman et ux. v. MacDonald et ux., supra.

·There is one element which appears in this case which does not appear in the ordinary case of this type, namely, the fact that the proposed additional defendant is the minor son of plaintiff. It is the law of this Commonwealth that an unemancipated minor child is not liable for personal injuries negligently inflicted by him upon his parent: Duffy v. Duffy, 117 Pa. Superior Ct. 500; Silverstein v. Kastner et al., 342 Pa. 207. It follows that plaintiff will not be permitted to file the supplementary statement referred to in Pa. R. C. P. 2258, nor to obtain any judgment against his minor son should the jury determine that he alone was negligent. However, should the jury determine that the minor son and the defendant were jointly negligent, equitable considerations require the entry of judgment against both defendants in order to protect defendant's right of contribution. This was the result reached in Maio, Executrix, v. Fahs et al., 339 Pa. 180, where

plaintiff was an employe and the additional defendant was his employer, who could not be sued directly because of The Workmen's Compensation Act, and was also the basis of the decision by Judge Cummings in Fisher et ux. v. Diehl et al., supra, where the parties were husband and wife. Following the verdicts, the court can preserve the respective rights and liabilities of all parties by exercising its power to control the execution: Rau v. Manko et al., 341 Pa. 17, and Maio, Executrix, v. Fahs et al., supra.

And now, to wit, May 6, 1942, it is ordered and decreed that defendant's rule to show cause why the suits, claims, and actions of plaintiffs should not be severed be and it is hereby made absolute.

It is further ordered and decreed that the suit, claim, and action of Frank E. Seymour, Jr., a minor, by his guardian, Frank E. Seymour, against Samuel Folberg, be and it is hereby severed from the suit, claim, and action of Frank E. Seymour, in his own right, against Samuel Folberg, with like force and effect as though a separate suit for each claim had been commenced; provided, however, that both suits be tried before the same jury.