Detwiler et al., Appellants, v. Detwiler.

384

Argued October 15, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent.)

*William J. Grove,* with him *Jonathan B. Hillegass* and *Hillegass & Moran,* for appellants.

*Victor J. Roberts,* with him *High, Swartz, Flynn & Roberts,* for appellee.

OPINION BY HIRT, J., March 8, 1948:

On July 9, 1945, Martin J. Detwiler, the defendant, negligently drove an automobile into an electric light pole on Main Street in Jeffersonville. His mother Ann V. Detwiler, and two of his sisters, Madeline and Rita, both minors, were passengers in the car. The mother was seriously injured by the force of the impact; the injuries to her daughters consisted of bruises merely and were less serious. In this action, Ann V. Detwiler,

sought to recover damages for her injuries from her son, the defendant. Elmer Detwiler, as guardian for each of his minor daughters Madeline and Rita, joined in the action to recover damages for injuries suffered by them. He, as a plaintiff in the same action, also sued for damages in his own right. At the close of plaintiffs' case a compulsory nonsuit was entered. These appeals are from the refusal of the lower court to take it off.

Defendant, son of plaintiffs Elmer and Ann V. Detwiler, was but 18 years old when he committed the tort. His negligence is conceded, and the sole question raised on this appeal is whether he then was an emancipated son, liable, as such, to his parents in an action brought by them for damages caused by his negligent act.

It is settled beyond question in this State that parents cannot maintain a suit against an unemancipated minor son for injuries resulting from his tortious act. Both parents are barred on broad principles of public policy; on the ground that such actions are disruptive of family peace and destructive of filial discipline. The soundness of the doctrine which jealously seeks to maintain peace, harmony and good will in the family relation can no longer be questioned. The leading case in this State is *Duffy v. Duffy*, 117 Pa. Superior Ct. 500, 178 A. 165, in which Judge BALDRIGE, speaking for this Court, referred to the decisions in other states, where the general rule has been followed with almost complete unanimity, and unequivocally held that an action may not be maintained by a parent against an unemancipated child for injuries of the parent, resulting from the child's negligence. It is admitted here that the defendant is protected by insurance against loss from his negligence. But the argument that the rule of public policy does not fit the present day in the case of negligent operation of an automobile by a minor protected by casualty insurance, is of no validity. Our decisions are to the contrary. In *Silverstein v. Kastner et al.*, 342 Pa. 207, 20 A. 2d 205, our Supreme Court,

quoting from the *Duffy* case, supra, said: " 'Without a legislative mandate, we see no justification for making such a discrimination, thus segregating automobile cases from other actions by a parent growing out of the negligent conduct of an unemancipated minor, because in many automobile cases insurance might be carried that would give protection.' The fact, therefore, that there was insurance in the instant case was of no moment".

But minor children may be released from legal subjection to their parents by emancipation. Emancipation results not from any conduct of the child but from some juristic act, or other conduct of the parent from which the extinguishment of parental rights and filial duties may be inferred.

In this case the burden was on the plaintiffs to establish the fact of emancipation of the defendant. Viewed in the light most favorable to them, these facts appear: Defendant quit school at age 17; since then he has been gainfully employed outside of the family relationship. He has continued to live in the home of his parents, however, but has been paying them for his board. He is free to use his earnings as he pleases. Otherwise his position in the home is the same as it was when he went to school and was supported by his parents. He is still subject to discipline. True, his parents have not found it necessary to exercise control over his conduct in relation to them, but only because defendant "is a good boy" and conforms to the established pattern of the home. Nowhere is there any evidence from which it could be inferred that he would not have to submit to discipline from his parents if his conduct were otherwise.

Emancipation is not to be presumed. It must be proved. Of course, there may be complete emancipation even though the minor continues to reside with his parents. But emancipation is complete only where there is a total severance of the filial tie: 39 Am. Jur., Parent and Child, §64. Ordinarily the question whether emancipation can be implied from the circumstances is a

question for the jury: *Beaver v. Bare,* 104 Pa. 58. But viewed in the light most favorable to plaintiffs, the testimony in this case is insufficient in law to meet the burden on the parents to prove actual total emancipation of their son. His emancipation as established by the circumstances was no more than partial and of a type obtaining in many family relationships. Because of an easy economy it is not unusual for a minor, though living in the home of his parents, to be allowed to seek employment and to spend his earnings as he pleases without affecting his filial duties or the control of his conduct in other respects.

We are impressed with the reasoning of the opinion in *Lufkin v. Harvey,* 131 Minn. 238, 154 N. W. 1097, on parallel facts. There an eighteen-year-old son was living at home with his parents. He had secured a job and had made his own contract of employment; for two years he collected his own wages and had kept or spent his own money as he pleased, though he paid his parents for his board. It was there held, as a matter of law, that this testimony shows no more than an assent on the part of the parents that the boy should hire out and collect and spend what he earned; and that complete emancipation could not be inferred from these facts alone. The lower court, here, was right in arriving at the same conclusion on the undisputed facts.

Perhaps, because of the less serious injuries of the minor plaintiffs, the question of their right of action against their brother, regardless of whether he had been emancipated, has not been raised in this appeal. If it had been properly raised we would be obliged to reverse the lower court in refusing to take off the nonsuit as to them. The general rule is that actions between sisters and brothers, even though minors, may be maintained in law; considerations of public policy do not abate such actions as in the case of a suit brought by a parent against his minor child: 52 Am. Jur., Torts, §97.

Orders affirmed.