## Dunlevy v. The Butler County National Bank, Admr., et al.

*Mitinger & Mitinger*, for plaintiff.
*H. R. Belden, P. M. Robinson*, for defendant.
*Smith, Best & Horn*, for additional defendants.

LAIRD, P. J., June 22, 1948.—This is an action of trespass, which arose by reason of an automobile accident on the Pennsylvania Turnpike April 27, 1947, in which plaintiff's ward was severely injured and defendant's decedent was killed.

Minor plaintiff was a passenger in the car driven by John J. Dunlevy, Jr., defendant's decedent, and father of Catherine Sylvia Dunlevy, minor plaintiff. The complaint was filed in this court March 15, 1948, to the above number and term, alleging that Catherine Sylvia Dunlevy, plaintiff's ward, suffered severe and lasting physical injuries.

To this complaint preliminary objections were promptly filed by defendant. In the demurrer as filed, it is alleged that plaintiff should not be permitted to maintain this action for the reason that "Catherine Sylvia Dunlevy, an unemancipated minor, may not maintain an action in trespass against the estate of her deceased father to recover for personal injuries allegedly caused by the negligence of her deceased father".

In his answer and brief plaintiff guardian stated the question thus: "The question of law to be decided by this court is whether an unemancipated minor may sue his parent in a tort action for damages?". We are unable to answer this question at this time with the limited amount of information in our possession, believing that the matter embodies a question of fact for a jury or for the trial court when the evidence has all been produced or submitted.

It was said in Briggs et al. v. City of Philadelphia et al., 112 Pa. Superior Ct. 50, 55, and reiterated in Duffy v. Duffy, 117 Pa. Superior Ct. 500, 501:

" 'There never has been a common law rule that a child could not sue its parent. But, there is substantial decisional authority that it is not permitted, on the theory that it is disruptive of the family peace, destructive of the enforcement of discipline, and, therefore, against public policy. We recognize the wisdom of these rulings as the state and society are vitally interested in the integrity of, the harmony in, the family. . . ' ." (Citing cases.)

In delivering the opinion of the Superior Court, Judge Baldrige said in Duffy v. Duffy, supra, in quoting from Crosby v. Crosby, 246 N. Y. Supp. 384, and LoGalbo v. LoGalbo, 246 N. Y. Supp. 565:

" 'It is a matter of common knowledge that a great proportion of owners of automobiles are protected against damages by insurance and that in such cases no question of public policy could possibly be involved (excepting only in cases of fraud in the action itself).' But the writer of the opinion felt bound by their former decisions, and stated that to rule otherwise would be futile in the absence of any statute.

"Without a legislative mandate, we see no justification for making such a discrimination, thus segregating automobile cases from other actions by a parent growing out of the negligent conduct of an unemancipated minor, because in many automobile cases insurance might be carried that would give protection. That distinction has never been recognized in any of the decisions called to our attention, and we refuse, as that court did, to adopt such a theory."

Plaintiff cites Dunlap v. Dunlap, 84 N. H. 352, 150 Atl. 905, and argues that disability of a child to sue the parent for an injury negligently inflicted by the latter upon the former is not absolute but is imposed for the protection of family control and harmony and exists only where the suit or prospects of a suit might disturb the family relations and that as the father of minor plaintiff in the instant case is now deceased there is no danger of disrupting the family peace and accord, or that the present action will be disruptive of discipline.

In the Dunlap case the Supreme Court of New Hampshire said, quoting from page 364:

"The present suit is not for an intentional wrong, but for a negligent one, growing out of the relation of master and servant. As to this employment, the father had intentionally surrendered his parental con-

trol. The plaintiff worked for the usual wage of an employee, and was in fact as well as in name the hired servant of the defendant. The agreement for this relation was for a substantial period."

The cases, therefore, are not exactly similar and we do not consider the Dunlap case an absolute authority controlling the action now before the court.

In Silverstein v. Kastner et al., 342 Pa. 207, it is said in the syllabus, which syllabus is fully borne out by the opinion:

"An unemancipated minor child is not liable for personal injuries negligently inflicted by him upon his parent, even though the minor is indemnified against loss or damage by a casualty insurance company."

We are of opinion that the converse is also true and that a parent is not liable for personal injuries negligently inflicted upon an unemancipated child even though the parent is indemnified against loss or damage by a casualty insurance company. However, we are of opinion that the question of the minor's emancipation is a question of fact to be determined by a jury.

In Samborski v. Beck et al., 41 D. & C. 387, Judge Flood said, quoting from page 388:

"Although our Supreme Court has never directly passed on this point (Minkin et al. v. Minkin, 336 Pa. 49 (1939)), the cases are practically unanimous that an unemancipated minor may not maintain an action against his parent to recover for personal injuries caused by the latter's negligence. (Citing cases.) Recognizing the rule to be without foundation in the common law, nevertheless, our courts have barred such actions on the theory that they are disrputive of the family peace, destructive of the enforcement of filial discipline and, therefore, against public policy."

To the same effect is Morris et al. v. McKinley et al., 33 D. & C. 696, where Judge Reader, of Beaver County, gives a very able opinion analyzing the question at some length, in which he says, quoting from page 698:

"There can be no question as to the principle recognized in these cases. We are satisfied that, as the law now stands in this State under these decisions, a parent could not maintain such an action against an unemancipated minor child; nor could such child maintain such an action against the parent."

We think the case at bar is ruled by Detwiler et al. v. Detwiler, 162 Pa. Superior Ct. 383, which is the converse of the action now before the court. In the Detwiler case, Judge Hirt, delivering the opinion of the Superior Court, says, quoting from page 385:

"It is settled beyond question in this state that parents cannot maintain a suit against an unemancipated minor son for injuries resulting from his tortious act. . . . But the argument that the rule of public policy does not fit the present day in the case of negligent operation of an automobile by a minor protected by casualty insurance, is of no validity. Our decisions are to the contrary. . . .

"Emancipation is not to be presumed. It must be proved."

In the light of the above quoted authorities, we, therefore, believe that an unemancipated minor may not maintain an action of trespass for injuries sustained in an automobile accident against his parent. We believe, however, that emancipation is a state or condition which must be shown to exist at the time of the injury, of which complaint is made. In the language of Judge Hirt in the Detwiler case, "It must be proved". It is a question of fact to be determined from all of the circumstances. We are further of opinion that the burden is on plaintiff to come forward with sufficient evidence to warrant the jury or the court and the jury in finding as a fact that minor plaintiff was in truth and in fact emancipated at the time the alleged injuries were sustained.

We do not have a copy of the docket entries, but we notice by the pleadings that the Butler County National

Bank, administrator c. t. a., original defendant, has brought Edward Lewis Blair, Martin Storage Co., and Allied Van Lines, Inc., a corporation, on the record as additional defendants, who, it alleges are alone liable to plaintiff for damages, if any, to Catherine Sylvia Dunlevy. What we have heretofore said would not apply to additional defendants and the fact that additional defendants have been brought upon the record by means of a scire facias is another reason why we believe that the demurrer or preliminary objections to the plaintiff's complaint should not be sustained at this time. See Morris et al. v. McKinley et al., supra, Murray et ux., v. Lavinsky et al., 120 Pa. Superior Ct. 392, Jackson v. Gleason et al., 320 Pa. 545, Koontz v. Messer et al., 320 Pa. 487, and Majewski et al. v. Lempka et al., 321 Pa. 369, and the authorities therein cited.

We therefore, enter the following decree:

And now, to wit, June 22, 1948, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the preliminary objections filed to the complaint in this case be, and the same hereby are, overruled.