## Farley v. Orendorff

*Stuart M. Neely*, for plaintiffs.

*Markowitz, Kagen & Griffith*, for defendant.

ATKINS, P. J., November 30, 1966.—Susan G. Farley, a minor by Sophie Troutman, her mother, as guardian, sued Barbara Orendorff for damages resulting from injuries suffered in an automobile accident allegedly caused by the negligent operation of the automobile by Barbara Orendorff while Susan was a passenger, July 25, 1964. Sophie Troutman also sued in the same action for medical expenses incurred and to be incurred in the future because of Susan's injury. Defendant filed preliminary objections alleging matters not appearing in the complaint.

The parties have set forth in their briefs factual matters which both agree are correct and shall be considered as a part of the record in passing upon the question here raised. Summarized, these allegations show that Sophie Troutman is the mother of both Susan and Barbara, and that as of the date of the accident, both girls were unemancipated minor children. Between the date of the accident and the date suit was instituted against her, Barbara was married.

Objection is made to the action insofar as it asserts a claim on behalf of Sophie Troutman against Barbara. This position is taken in reliance on the rule stated in Detwiler v. Detwiler, 162 Pa. Superior Ct. 383, that: "It is settled beyond question in this State that parents cannot maintain a suit against an unemancipated minor son for injuries resulting from his tortious act". The converse of this rule has also been held to be the

law of Pennsylvania, that a minor unemancipated child may not sue its parent for a tortious act of the latter: Parks v. Parks, 390 Pa. 287. Mrs. Troutman seeks to avoid this rule by pointing to the fact that Barbara became emancipated by reason of her marriage which took place prior to the filing of the suit. Her argument is that although the law did not permit a suit while her minor daughter was unemancipated, the cause of action existed from the time of the alleged tort, and her emancipation removed the impediment to the suit. Pennsylvania has applied this reasoning in the case where a wife has been allowed to proceed against the estate of her deceased husband for recovery for her personal injuries resulting from his tort against her during coverture: Johnson v. Peoples First National Bank and Trust Company, 394 Pa. 116. No Pennsylvania case has been found where the reasoning has been applied to a suit by a parent against an emancipated child for personal injuries suffered by the parent as the result of the child's tort committed while unemancipated. The highest court of our sister state of New Jersey has, however, passed on the question and resolved it adversely to the parent in Reingold v. Reingold, 115 N.J.L. 532, 181 Atl. 153. In our opinion, however, the emancipation of this defendant is not the determining factor in the case, and we, therefore, express no opinion on its effect.

This is not an action by a parent against an unemancipated child for a tort committed upon the parent. The tort was committed upon the sister of defendant. Clearly, the sister has the right to recover for her personal injuries from defendant: Detweiler v. Detwiler, supra. This action is by the parent for expenses incurred in the treatment of minor plaintiff for those injuries. These items of expenses are not recoverable by minor plaintiff in her action: In Re: Charles Mikasinovich, 110 Pa. Superior Ct. 252. If the law is that

a parent is not permitted to recover for expenses incurred in treatment of an unemancipated minor child for injuries tortiously inflicted by its unemancipated brother or sister, then there results the anomaly of the injured child being able to recover for its pain and suffering and for loss of earning power after emancipation and for future medical expenses that may be required after emancipation, if these items be claimed and proven, while no one could recover for medical expenses incurred prior to emancipation.

We have found no Pennsylvania case that meets this problem, but Becker v. Rieck, 188 N.Y.S. 2d 724, affirmed by Appellate Division, 214 N.Y.S. 2d 632, does meet it, and supports the right of the parent to recover. The court there said: "If domestic tranquility is a consideration, certainly little domestic harmony will result if a father, who has been compelled to pay medical expenses because of the negligence of his son, cannot be reimbursed, but his injured child can recover not only damages for personal injuries but further medical expenses as well". That court further points out: "It should also be noted that this action is to recover for pecuniary loss sustained by a parent as a result of his son's negligence and is entirely distinct from an action in which a parent seeks to recover damages for personal injuries to himself or one in which the parent is the wrongdoer and the derivative action would be against himself". We think this is sound reasoning.

Accordingly, we enter this

## ORDER

And now, to wit, November 30, 1966, it is ordered, adjudged and decreed that the preliminary objections filed by defendant herein be and are hereby dismissed, and leave is granted to file an answer to the merits of the case, if such be defendant's desire, within 20 days from the date of this order.