## Falco v. Pados

*Norman Seidel,* for plaintiff.

*Gus Milides,* for defendants.

*E. Jerome Brose,* for garnishee and additional defendant.

GRIFO, J., August 3, 1970.—This matter is before the court upon an attachment execution instituted by plaintiff against the Aetna Insurance Company, the additional defendant's liability insurance carrier, as garnishee.

Kristine Falco, an unemancipated minor living with her parents, instituted a trespass action for personal injuries against Stephen W. Pados, who joined Edith Falco, mother of Kristine, as an additional defendant. A verdict of $28,050.80 was awarded against both defendants. Judgment having been entered, the insurance carrier for the original defendant paid to plaintiffs $10,000, the limit of its liability policy with the original defendant, who is otherwise judgment-proof.

The doctrine of intrafamily immunity remains the law in the Commonwealth of Pennsylvania. See Restifo v. McDonald, 426 Pa. 5, 7, fn. 1 (1967). Spouses are prohibited from suing each other in a variety of actions, including those sounding in tort: Act of March 27, 1913, P. L. 14, sec. 1, 48 PS §111; Meisel v. Little, 407 Pa. 546 (1962); McSwain v. McSwain, 420 Pa. 86 (1966). While such an action is not prohibited by statute, it is clearly the decisional law in this Commonwealth that an unemancipated minor child may not sue his parents for damages arising from personal injuries resulting from the negligence of the parents (Parks v. Parks, 390 Pa. 287 (1957)), and likewise, the parents may not sue an unemancipated minor

child for personal injuries resulting from the child's negligence: Silverstein v. Kastner, 342 Pa. 207 (1941); Detwiler v. Detwiler, 162 Pa. Superior Ct. 383 (1948). The belief that intrafamily suits will be disruptive of family harmony and destructive of discipline underlies the intrafamily immunity doctrine: 28 P. L. Encyc., Parent and Child, §14, p. 232. While it would seem that the presence of liability insurance would undermine the argument that intrafamily immunity is essential to preserve family harmony, our courts have not modified the doctrine accordingly: Parks v. Parks, supra; Silverstein v. Kastner, supra. No doubt the fear of collusion between family members in an action in which the liability insurance carrier is the effective party has led to the unwillingness to make an allowance where liability insurance is present. In spite of the foregoing rules, a tortfeasor has a right of contribution against a joint tortfeasor even though the judgment creditor is the latter's minor unemancipated child, parent or spouse; in other words, if a minor unemancipated child sues, where liability is found against both defendants, the original defendant who pays more than his share of the judgment may then receive reimbursement from the additional defendant: Puller v. Puller, 380 Pa. 219 (1955).

The instant case involves certain distinguishing features which deserve careful attention. The child-plaintiff initiated an action only against Pados, who, in turn, joined the mother of plaintiff as an additional defendant; hence, her presence in this litigation resulted from Pados' action and not that of her child. Secondly, plaintiff did not testify against the additional defendant, nor did the additional defendant admit negligence. Only the original defendant testified against the additional defendant. Thus, neither mother nor child contradicted each other, nor did the addi-

tional defendant admit negligence, thereby making her insuror liable.

In Ondovchik v. Ondovchik, 411 Pa. 643 (1963), the plaintiff sued the drivers of two cars for personal injuries sustained when the car in which she was riding collided with the cars of the other two. The original defendants joined as an additional defendant the driver of the car in which plaintiff was riding. Thereafter, prior to the trial, plaintiff married the additional defendant. The verdict in favor of plaintiff was awarded solely against the additional defendant, her then husband. The court, holding that plaintiff was entitled to recover upon the jury's verdict, distinguished Meisel v. Little, supra, on the grounds that, in that case, the suit was commenced directly against the husband as defendant, whereas in Ondovchik the prospective husband became a defendant as a result of the action of the original defendant rather than that of plaintiff. In short, the decision of the court was that while the intrafamily immunity doctrine bars suits initiated between spouses, it does not bar a recovery by one spouse directly from another spouse if the defendant spouse was joined in the litigation as an additional defendant by the original defendant. In reaching this result, the court noted that neither spouse testified against the other, but both gave testimony against the original defendant. Certainly the reasoning in Ondovchik is applicable to the instant case, and we hold that the minor plaintiff is entitled to recover directly from the additional defendant, her mother.

We believe that this is a proper result, for under the authority of Puller v. Puller, supra, if the original defendant Pados had had sufficient liability insurance coverage to satisfy the full $28,050.80 judgment of plaintiff, the additional defendant's liability insurance carrier would have been responsible for contribu-

tion to the original defendant. But, because Pados had only $10,000 insurance coverage, the additional defendant's liability insurance carrier is not excused entirely from any obligation resulting from additional defendant's negligence. That one party should have to pay for his or her negligence only if another party has sufficient insurance coverage to meet more than one-half of the total obligation incurred to a plaintiff does not make sense.

In Daly v. Buterbaugh, 416 Pa. 523 (1964), plaintiff sued for personal injuries resulting from an auto collision and the original defendant joined as an additional defendant the husband of plaintiff who was driving the car in which plaintiff was riding at the time of the accident. After both defendants were found liable, a verdict was entered against the additional defendant subsequent to a payment of less than half of the total judgment by the original defendant. The Supreme Court held that the judgment entered in favor of the plaintiff-wife against the additional defendant-husband must be reversed. Three members of the court joined in an opinion which concluded that Ondovchik, supra, should be overturned and no longer followed; the Chief Justice concurred only in the result, another member of the court preferred to remand the record to the court below for disposition of a pending motion to strike, and two members of the court dissented. Needless to say, this decision has not lent certainty to the law on this issue. "Where a majority of the court concur merely in the result, the principles enunciated in the opinion cannot be considered as within the rule of stare decisis, although they are entitled to consideration as the views of the judge writing the opinion": 21 C.J.S., Courts, §189. See also Commonwealth v. Little, 432 Pa. 256, 260 (1968). The dissent in Daly v. Buterbaugh noted that since only three members of the court supported the lan-

guage which "overruled" Ondovchik, the language was not decisional. Thus, apparently, the rule of Ondovchik v. Ondovchik is the binding precedent in the matter herein in question.

The parties having entered into the following stipulation:

". . . 2. The present proceedings before the Court of Common Pleas of Northampton County shall be considered a motion for judgment on the pleadings, the Stipulation of August 9, 1968, being substituted for the pleadings, and should the Court find that judgment in the Attachment Execution should be entered in favor of the Plaintiffs against the said Garnishee in the amount of Eighteen Thousand and Fifty Dollars and Eighty ($18,050.80) Cents, plus interest from January 11, 1967, then said Judgment against the Garnishee shall be treated as a Judgment against the Garnishee on pleadings or after trial in accordance with Pennsylvania Rules of Civil Procedure, No. 3147 and No. 3148. Should the Court find for the Garnishee, then the Court shall enter a judgment for the Garnishee, Aetna Insurance Company, and dissolve the Attachment.

"It is the purpose of this Stipulation to have the Court enter a final judgment either in favor or against the Aetna Insurance Company as Garnishee so that the matter will be a final judgment subject to appeal before the Supreme Court of Pennsylvania without the necessity of filing exceptions and having the matter heard before the Court en Banc.",
the court makes the following

## ORDER

And now, August 3, 1970, judgment is entered in favor of Kristine Falco, a minor, in the amount of $18,050.80, with interest from January 11, 1967, against Aetna Insurance Company as garnishee.